GEORGE W. ISHMAEL et al., Plaintiffs in Error, *v.* ALEXANDER PARKER, Defendant in Error.

### ERROR TO BROWN.

A creditor must first obtain a judgment, and seek to collect his debt by execution, before he can resort to the equitable estate of his debtor.

A party holding title to land which he has promised to convey, is not bound to convey, or part with his security therein, until the purchase-money is paid.

This bill alleges, that Joseph Walker, being seized of lot 17, block 5, in Curry & Hurlbut's addition to Mount Sterling, sold the same, and delivered the possession thereof to George W. Ishmael, for $150, and gave Ishmael a bond to convey, on payment of purchase-money. That Ishmael then paid Walker $60 and gave his note for the balance, payable October 1, 1850. That Ishmael, May 31, 1850, sold and delivered possession of said lot to complainants for $162.50, $50 paid down and note for $112.50, payable October 1, 1850. Ishmael gave Parker a bond to convey on payment of the note of $112.50. That on December 2, 1850, complainant paid Ishmael the note. That on October 31, 1850, Ishmael being seized of lots 10, 11, 12, 13, and 14, block 3, Curry & Hurlbut's addition to Mount Sterling, and being indebted to divers persons in divers large sums of money, and the lots aforesaid being all the property in possession of Ishmael subject to execution, for the purpose of defrauding complainant, Walker, and said divers other creditors, made, executed and delivered to William Stableton, a deed, duly executed and recorded, of said last-mentioned lots, for the feigned consideration of $400. Charges there was no consideration, and made to defraud creditors, &c. That Stableton, on same day reconveyed, by deed duly acknowledged, the same premises to Ishmael, and the latter, for the purpose of cheating, &c., neglected to put the deed of conveyance upon record; that Ishmael has been in possession all the time and received the rents and profits, &c.; that said deed of reconveyance is now in Ishmael's possession; prays for the production of the deed on hearing. That during all this time Ishmael had no personal property, and no real pro-

perty other than the lots aforesaid; that on October 2, 1851, Walker executed a deed of lot 17, of Block 5, as an escrow to be delivered to Ishmael on the payment of the balance of the purchase-money aforesaid; that Ishmael refused to pay the balance of said purchase-money, and refused to cause the title to said lot to be conveyed to complainant; charges combination between Walker and Ishmael, and refusal to make complainant a title, &c.; that Ishmael refuses to pay the purchase-money to Walker, in consideration, &c., pray, that said confederates may answer, &c.; that deed from Ishmael to Stableton may be set aside as fraudulent; that said lots 10, 11, 12, 13, and 14, may be sold to satisfy Walker's debts, &c.; that Walker may be decreed to convey lot 17 to complainant, and for general relief.

A decree was entered, by MINSHALL, Judge, at October term, 1851, of the Brown Circuit Court, by which Walker was ordered to convey to Parker lot number seventeen; that deed from Ishmael to Stableton be set aside as fraudulent and void; that lots ten, eleven, twelve, thirteen, and fourteen, be made liable to the payment of the balance due upon the note given by Ishmael to Walker, in default of which those lots were to be sold to satisfy that balance, and that the note be delivered up; and a commissioner was appointed to carry the decree into effect.

Ishmael and Walker bring the cause to this court by writ of error.

R. S. BLACKWELL, for plaintiffs in error.

A purchaser from a vendee, upon the payment of the purchase-money, may enforce a specific performance against the original vendor, of an agreement to convey. 2 Story, Eq. § 788, 789.

But the vendor will not be decreed to convey until the purchase-money is paid, unless the vendor has waived his lien. Greenup *v.* Strong, 1 Bibb, R. 590.

Parker, upon his purchase from Ishmael, became a trustee for the vendor, and in equity was bound to pay the money due upon the contract between Walker and Ishmael. He has no right to compel Walker to convey, part with his security, and

receive as a substitute for his lien upon the land, the personal duty imposed by the decree upon Ishmael.    2 Story, Eq. § 789.

The bill is not defective in averring the payments of the purchase-money by Parker to Walker, or at least an offer to pay. Performance, or an offer of performance on his part, is a condition precedent to his right to a specific performance.    Doyle *v.* Teas, 4 Scam. R. 203.

The bill is multifarious.    It prays a specific performance of a contract against one defendant, and to set aside a fraudulent conveyance as to another; and no connection or combination shown between the several defendants.    Story, Eq. Pl. § 271; Cooper, Eq. Pl. 183.

The bill does not show that the complainant is a creditor of Ishmael, whereby he has a right to interfere and have the deed to Stableton set aside as fraudulent.    Nor does he show a judgment at law, and an effort to collect the money by execution. Stone *v.* Manning, 25 Scam. R. 531.

Upon the face of the bill it appears that complainant and Walker have an adequate remedy at law.    It alleges that Stableton on the same day of the execution of the fraudulent deed, reconveyed to Ishmael.    Stableton should have been made a party to the bill.    Beeler *v.* Pope, 4 Bibb, R. 26.

The court had no power to enter up the decree in vacation, unless by consent of parties.    The rendition of the decree was a judicial act, and should have been entered in term time.

J. S. Bailey, for defendant in error.

In order to increase the necessity of making a person a party to a bill in chancery, it must appear from the face of the record " that the party omitted, did, at the rendition of the decree, possess a subsisting interest in the subject-matter in litigation." 3 Paige, 222; 2 Paige, 278; 4 Paige, 510; 11 Ill. 256.

Objections in this court, for want of parties, come too late, unless the party omitted possesses such an interest in the subject-matter of the writ, that the court cannot render a decree therein, without materially affecting those rights.    1 Gilman, 646.

A person having conveyed all his interest in the land in dispute, before the filing of the bill, does not possess such an

After a decree *pro confesso,* the bill must be taken as proved. 3 Gil. 547.

It is not error to sign a decree in vacation, when rendered in term, and ordered to be filed as of the term.　7 Paige, 245.

TREAT, C. J.　This was a suit in chancery, brought by Alexander Parker against George W. Ishmael and Joseph Walker. The bill alleges that, on the 20th of May, 1850, Walker sold to Ishmael a lot in the town of Mount Sterling, and put him in possession thereof, for the consideration of $150; that Ishmael paid $60 in cash, and gave Walker a note for the balance, payable on the first of October thereafter, and Walker executed a bond to Ishmael, conditioned for the conveyance of the lot on the payment of the note; that, on the 31st of May, 1850, Ishmael sold the same lot to complainant, and delivered possession thereof, for the price of $162.50; that complainant paid $60 in hand, and gave Ishmael a note for the balance, payable on the 1st of October following, and received from Ishmael a bond for the conveyance of the lot on the payment of the note, which was fully paid on the 2d of December, 1850; that on the 31st of October, 1850, Ishmael, for a feigned consideration, conveyed five other town lots to William Stableton, for the purpose of defrauding the complainant, Walker, and his other creditors; and Stableton, on the same day, reconveyed the same lots to Ishmael, but the latter withholds the deed from record; that Ishmael has no personal property, and no other real estate than the five lots; that on the 2d of October, 1850, Walker made a deed to Ishmael for the lot, to be delivered on the payment of the balance of the purchase-money, but Ishmael wholly refuses to pay the same, and cause the title to be made to the complainant. The bill prays that the deed to Stableton may be set aside; that the five lots be sold, to pay the amount due to Walker; and that Walker be required to convey the lot to the complainant. The bill was taken for confessed, and a decree entered, that Walker convey the lot to the complainant; that the deed to Stableton be set aside, and the five lots sold, to pay the amount due to Walker, and the costs of the suit.

That portion of the decree which sets aside the deed to Sta-

bleton as fraudulent, and directs a sale of the five lots to pay the amount due to Walker, cannot for a moment be sustained. The complainant is not in a position to assail that conveyance, or to insist that those lots shall be held subject to the payment of the purchase-money due on the other lot. A creditor must obtain a judgment on his debt, and endeavor to coerce payment by execution, before he can go into equity to procure satisfaction out of property that cannot be reached on execution. He must exhaust his legal remedies without success, before he can resort to the equitable estate of his debtor. Until that is done, it does not appear but that he has an ample remedy at law. And a creditor may, after obtaining judgment against his debtor, without first suing out an execution, ask the aid of a court of equity, to remove an obstacle in the way of its collection by execution. These principles are too well established to require discussion, or the reference to authorities to support them. The complainant must procure a judgment against Ishmael, before he can call in question the validity of the deed to Stableton; and Walker is in no better situation. He must recover judgment on his note, before he can attack the deed as fraudulent.

That part of the decree which requires Walker to convey to the complainant, is equally erroneous. Walker is not bound to convey the lot, until the note is fully paid. He retained the title to secure the payment of the purchase-money. He cannot be compelled to part with the security, until the debt is discharged. His covenant is not broken, so long as the note remains unpaid.

It may be that the complainant, upon full payment of the purchase-money to Walker, may enforce a specific execution of his agreement to convey. But in order to compel a conveyance from Walker to himself, he must first fully pay the note to Walker, or tender payment thereof. He must fully perform the agreement on the part of Ishmael, if he is to succeed to his rights as against Walker. And it may be, if he pays the balance due to Walker, that he will succeed to the rights of Walker as against Ishmael, and be entitled to a decree against the latter, for the amount advanced to Walker to obtain the title.

The decree is reversed, and the cause remanded, with leave to the complainant to amend his bill.          *Decree reversed.*