David L. Hough, Appellant, *v.* Erastus Rawson, Appellee.

APPEAL FROM LASALLE.

The promise of a person to deliver grain on a certain time at a certain place, to be paid for by another at such times as the same shall be delivered, are dependent undertakings; the obligations to deliver and to pay are concurrent; and in order to recover for non-delivery, a party must aver his readiness to receive and pay for the grain.

Slight evidence of a readiness to accept and pay, might be held sufficient.

If the legal effect of a contract is the same as the promise alleged, it will not be a material variance.

This was an action of assumpsit by Rawson against Hough, begun in the LaSalle Circuit Court. The declaration alleges that, on 19th October, 1850, at LaSalle, plaintiff agreed to

buy of defendant fifteen thousand bushels of corn upon the terms following : That the corn should be *good merchantable* corn, and *of the weight of fifty-six pounds to the bushel ;* and should be delivered to plaintiff on board canal boat at the city of Chicago, between 20th of May and 20th of July, 1851, and that plaintiff should pay defendant for said corn *at such times* as the same should be delivered, at the rate of *thirty cents per bushel.* And plaintiff agreed to allow defendant to draw upon him at any time after February 1st, 1851, for such sums as defendant should desire, (not exceeding ten cents per bushel for the amount of corn Hough should have purchased at the time of drawing,) and plaintiff would pay such draft at one day's sight. That in *consideration* of the premises, and that plaintiff had promised defendant to accept said corn at, etc., and to pay for the same *at the rate aforesaid,* defendant then and there promised that he would, between the 20th of May and 20th of July, 1851, deliver to plaintiff "on board canal boat at Chicago, the said *quantity of corn,* of *such weight* as aforesaid." That the time had elapsed, and that plaintiff was, during that time, *ready* and *willing to have accepted* a delivery of such corn, and *to have paid* defendant for the same at the rate in that behalf aforesaid, at the place aforesaid, of which defendant then had notice. Yet defendant had not delivered any of said corn *of such weight,* or any other corn, but has wholly neglected, to plaintiff's damage.

Hough filed two pleas : 1st, non-assumpsit, on which issue was joined ; and 2ndly, a special plea, that whatever contract was made was in writing ; that before the making of the said written contract, one William Martin had been managing Hough's business in contracting about the sale of corn, etc., and that before and at the time of the writing, plaintiff *falsely* and *fraudulently* represented to defendant that defendant's said agent had, as such, made with plaintiff a bargain in substance and effect as set out in the writing, when in truth and in fact such parol agreement was for a lower price ; and that defendant, relying upon the truth of such false statements, signed said supposed written agreement ; and that plaintiff knew such statements to be false when, etc., and therefore said written agreement was not binding.

Replication to second plea : That plaintiff did not make the representations attributed to him in the second plea ; and on this, issue was joined.

On the trial plaintiff offered in evidence a writing as follows :

"This agreement, made and entered into this 19th day of October, 1850, between David L. Hough, of LaSalle, LaSalle county, Illinois, and Erastus Rawson, of Chicago, Illinois, witnesseth, that said Hough, in consideration of the agreement

hereinafter made *with* said Rawson, has agreed and does agree *with* said Rawson to deliver to him, the said Rawson, on board canal boat at said city of Chicago, between the 20th of May, 1851, and the 20th of July, 1851, *fifteen thousand bushels of good merchantable corn,* at the rate of thirty cents per bushel. And said Rawson, in consideration of the above agreement made by Hough, does hereby agree with said Hough to pay him, the said Hough, for any and all of said corn *at such times* as the same shall be *delivered* as above, at the rate of thirty cents *per bushel of fifty-six pounds;* and said Rawson further agrees to allow Hough to draw on him at any time after the 1st of February, 1851, for such sum or sums as Hough may desire: *provided said sum* or sums shall not exceed in amount an amount equal to ten cents per bushel for the amount of corn said Hough may have purchased at the time of making any such draft. And Rawson does hereby agree to pay at one day's sight any draft which may be drawn upon him by Hough as aforesaid.

"In witness whereof they have hereunto set their hands (the said Hough and Rawson) the day and year first above written."

To the introduction of which in evidence defendant objected, upon the ground of a variance between the contract produced and the contract described in the declaration; and also upon the ground of a variance between the contract produced and the copy filed with the declaration as a copy of the instrument sued on; and then and there produced to the court the copy filed with the declaration, which is set out in the bill of exceptions at large, and by a comparison of which it appears that it is not a verbatim copy, but varies in this, that the word "with" reads "by" in said copy; and instead of the words "pay him," in the contract produced, the copy reads "pay to him"; and instead of the words "provided said sum" in the paper offered, the copy reads "provided always said sum"; and instead of the words of attestation as above shown in the paper offered in evidence, the copy has the following: "In witness whereof the said Hough and Rawson have hereunto set their hands the day and year first above written." Which objections of defendant were overruled by the court, and said contract permitted by the court to be read in evidence, and defendant excepted.

This cause was tried before LELAND, Judge, at May term, 1855, of the LaSalle Circuit Court.

T. L. DICKEY, for Appellant.

CHUMASERO and ELDREDGE, for Appellee.

SKINNER, J. This was an action of assumpsit by Rawson against Hough, upon a written contract for the delivery of corn by Hough to Rawson at a particular time at Chicago, at a stipulated price per bushel, to be paid for on delivery. The

declaration alleges for breach the non-delivery of the corn, and that Rawson was ready and willing to accept and pay for the corn according to the terms of the contract. Verdict and judgment for plaintiff below.

The court instructed the jury for the plaintiff, "that if the defendant contracted with plaintiff to deliver to him in Chicago fifteen thousand bushels of corn, he was bound to offer to deliver the same in accordance with the terms of the contract, or pay the damages occasioned by the non-performance." "That it is incumbent on defendant, under such a contract, to show an offer of performance, or some sufficient excuse for non-performance on his part, to excuse himself from liability to pay damages." "If the defendant has not shown such offer or excuse for non-performance, then the jury must find for the plaintiff; that is, if there is such a contract as stated in the first instruction."

The court refused to instruct on the part of the defendant, "That unless the plaintiff has proven that he was ready to pay for the corn at the place of delivery, he cannot recover." "That unless he has proven a readiness on his part to perform his part of the contract, he cannot recover."

Although the language of the instructions asked by defendant and refused may be objectionable, as calculated to mislead the jury, yet the substantial question presented to the court on both sides is, whether the plaintiff, to maintain his action, should satisfy the jury by evidence that he was *ready* to perform his part of the contract. The promise on the part of the defendant to deliver the corn to the plaintiff at a time and place, and the promise on the part of the plaintiff to accept and pay the defendant for the corn at the price agreed on such delivery, are dependent undertakings. The obligation to deliver, and the obligation to pay, are concurrent. If Rawson was not ready to accept and pay for the corn, Hough was not bound to deliver it. Where in a contract like this the defendant undertakes to *convey* and *deliver* at a particular time and place, to be paid for on such delivery at a stipulated price, the plaintiff to maintain his action must aver and prove that he was ready to receive and pay for the property according to his undertaking. He must not be in default himself, but must show a readiness to perform on his part before he can compel the defendant to show performance, or respond in damages. • *Diekhut* v. *Durrell,* 11 Ill. 72 ; 1 Chitty's Pl. 297 ; *Cook* v. *Ferral,* 13 Wend. 285 ; *Dox et al.* v. *Day,* 3 Wend. 356 ; *Porter* v. *Rose,* 12 John. 209 ; Saunders' Pl. and Ev. 127, 128, and cases there cited.

An offer or tender of performance on the part of the plaintiff was not necessary—the contract contemplating the carrying and

delivery by defendant of the corn to the plaintiff at Chicago. In such case a readiness to perform only is required. Saunders' Pl. and Ev. 127, 128, and cases there cited ; 1 Chitty's Pl. 297. The court therefore erred in instructing the jury upon the law of the case. From the nature of the transaction it would be difficult for the plaintiff to prove that he was ready to pay for the corn, and undoubtedly slight evidence of readiness to receive and pay for it on delivery, would be sufficient to justify a recovery by the plaintiff. The declaration states the contract according to its supposed legal effect; and in doing so, alleges a promise to deliver corn " of the weight of fifty-six pounds to the bushel." The language of the contract read in evidence is, " per bushel of fifty-six pounds." If the legal effect of the language of the contract is the same as the promise alleged, there can be no material variance in law between the allegation and proof. 1 Chitty's Pl. 306, 307, 316 ; *Ferguson* v. *Harwood*, 7 Cranch, 408. The statute provides that " the bushel of corn shall consist of fifty-six pounds." Statutes of Illinois, 1187. The statement therefore of the declaration and the language of the contract are of the same legal effect and operation, each amounting to a description of a legal bushel of corn. The contract was therefore properly admitted in evidence under the declaration.

Judgment reversed and cause remanded.

*Judgment reversed.*