Funk *v.* Hough *et al.*

JAMES FUNK, Appellant, *v.* ROSELL M. HOUGH *et al.*, Appellees.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A return to a summons which recites, "Executed this writ, by reading it to the within named A B, May 8, 1861," is sufficient.

A promise for a promise is a sufficient consideration upon which to found an action.

Where two acts are to be done at the same time, like selling and delivering, and receiving and paying, in an action for non-delivery, it is only necessary for the plaintiff to aver and prove a readiness to pay, whether the other party was at the place, ready to deliver, or not.

THIS was an action of assumpsit, brought by the defendants here, as plaintiffs below, to recover against the plaintiff here, as defendant below, upon a special contract for the purchase and sale of cattle. Judgment by default was rendered against the defendant below for $2,192.50 damages, besides costs. From this judgment the defendant below appealed to this court. The defendant below resided in McLean county, and a summons in the usual form was issued to McLean county; said summons was returned and filed, with a sheriff's return indorsed thereon in words and figures as follows:

Executed this writ, by reading it to the within named James Funk, May 8th, 1861.  JOHN S. ROUTT, *Sheriff.*
By GEO. PARKE, *Deputy.*

Upon this return defendant below was defaulted.

The declaration contains two special counts, and the money counts.

The first special count alleges that the plaintiffs below, on the 15th of October, 1860, bargained with the defendant below for, and promised to buy and receive of said defendant, one hundred head of good stall-fed beef cattle, to be delivered to said plaintiffs, in Chicago, during the month of January then next, and for which the said plaintiffs, on delivery of said cattle as aforesaid, were to pay said defendant at the rate of five cents and three-fourths of a cent per pound net, or three cents per pound gross, at the option of the said defendant.

That the said plaintiffs afterwards advanced to said defendant, upon the said contract, $1,705, and that the said plaintiffs "were ready and willing to accept and receive" said cattle, "and to pay for the same the balance of such purchase price therefor, at any time during said month of January." That the said defendant did not, during the said month of January, or at any time, deliver the said cattle, etc.

The second count alleges, that the said defendant, on the 20th of October, 1860, agreed to sell, and plaintiffs agreed to buy and purchase, one hundred head of fat cattle, to be delivered by defendant on or before the 15th day of February then next, to be paid for by said plaintiffs "at the delivery of said cattle," at the rate of five and three-fourths cents per pound net, or three cents per pound gross, at the option of said defendant. The plaintiffs afterwards, on the 9th day of November, 1860, advanced on said contract $1,705. That said plaintiffs "then and there, and thenceforth, until and on said 15th day of February then next, that is to say, on the 15th day of February, 1861, at said county, were ready and willing to accept and receive said cattle, and to pay for the same at the rate and price aforesaid, on the delivery thereof," etc.

That the defendant did not deliver the said cattle, etc.

Damages were assessed by the court, and final judgment rendered for the sum above stated.

The following are the errors assigned:

The sheriff's return to the summons upon which the default was entered, is not sufficient; it does not state with sufficient certainty the time of service of such summons.

The court has no jurisdiction of the person of the defendant below, by reason of the insufficiency of the sheriff's return to the summons.

The first special count of the declaration is bad in substance, and states no cause of action.

The second special count of said declaration is bad in substance, and states no cause of action.

The judgment is against law.

FARWELL & SMITH, for Appellant.

The sheriff's return to the summons is insufficient. It does not with sufficient certainty state the time of service. *Ogle* v. *Coffey*, 1 Scam. 239; *Bancroft* v. *Speer*, 24 Ill. 227.

The two special counts in the declaration are radically defective. They only allege that the plaintiffs below were ready and willing to pay, and fail to state an offer or tender of payment. As the cattle were to be paid for at or upon delivery, the plaintiff cannot recover without averring and proving an offer or tender of payment. *Davis* v. *Wiley*, 3 Scam. 234; *Johnson* v. *Wygant*, 11 Wend. 48; *Williams* v. *Healey*, 3 Denio, 363.

ARRINGTON & DENT, for Appellees.

We respectfully submit, that there was no defect or uncertainty in the sheriff's return. Whether the date named in it be taken to refer to the date of the service or of the return of the writ by the officer, it shows that service was had more than ten days before the term.

In 24 Ill. 228, His Honor Judge WALKER said: "Had he" (the sheriff) "returned that he had served it" (the writ) "on the defendant, or employed any language from which we could have seen that such was the fact, the return would have been sufficient." The objection, then, for which that return was held bad, does not apply here.

In 1 Scam. 239, the return was: "Executed Oct. 18, 1832, as commanded within;" and this did not show the manner of making the service.

The two special counts objected to were good. They set out a consideration for the appellant's promise, namely, the promise and agreement of appellees to buy, receive and pay for the hundred head of steers which appellant agreed to sell and deliver to them.

They further show that the appellees paid a part of the purchase price, and were ready and willing to take and receive the cattle, and pay for them according to the contract; and that the appellant had notice of this, but refused to deliver the cattle or return the amount paid him. *Hough* v. *Rawson*, 17 Ill. 588, 590, 591. See also, 1 Chit. Pl. *327.

The cases cited by the appellant's counsel are cases where the performance of the defendant depended on prior performance of the plaintiff, as to convey land, exhibit an unincumbered title to land, or perform certain services.

Here the defendant was to perform the first act. (Vide 5 Gilm. 315.) In this case, the contract of the defendant being to deliver the cattle on or before a certain day, this was a condition precedent on his part. 1 Pars. on Cont. 448, 449.

" In an action for non-delivery (of goods), the buyer (plaintiff) need only aver that he was ready and willing to receive and pay for them, and a refusal to deliver, without averring an actual tender." 4 Robinson's Practice, 293, 295; *Kemble* v. *Mills,* 1 Mann. & Gr. 757; *De Medina* v. *Norman,* 9 Mees. & Wels. 820 ; *Porter* v. *Rose,* 16 Johns. Rep. 209.

Breese, J. Two questions are made on this record. First, as to the sufficiency of the sheriff's return to the summons, and, second, the sufficiency of the special counts in the declaration.

The objection taken to the sheriff's return in this case, has been so frequently made of late, that we took occasion, at the last term of this court in the Second Division, to review all the cases on the point, with reference to the statutory requirement, and arrived at the conclusion, that a return, like this now before us, was a good and sufficient return, and a literal and strict compliance with the statute. *Carriker* v. *Anderson,* 27 Ill. 358.

The objections taken to the special counts, are not tenable. In both of them, a consideration for the defendant's promise is formally set out, which was, the promise and agreement of the plaintiffs to receive and pay for the cattle, which the defendant agreed to deliver; that they had paid a part of the price, and were ready and willing to take the cattle and pay for them, according to the contract, of which the defendant had notice, but refused to deliver the cattle or return the money paid on them.

Promise for promise is a good consideration everywhere. The performance of the defendant did not depend on the

prior performance of the plaintiffs. They were passive, only to act when the defendant should deliver the cattle. The delivery of the cattle, on or before a certain day, was a condition precedent to the performance of any act by the plaintiffs. When two acts are to be done at the same time, as where one agrees to sell and deliver, and the other agrees to receive and pay, in an action for the non-delivery, it is only necessary for the plaintiff to aver and prove a readiness to pay on his part, whether the other party was at the place ready to deliver or not. *Porter* v. *Rose*, 12 Johns. 208. That, is this case.

Here the contract was to deliver the cattle, by a certain day, at Chicago, the defendant having the option to be paid as for gross weight or for net weight. The plaintiffs could not pay or tender the money, until the weight, either gross or net, was ascertained, and that could be known only on delivery. All this was precedent to the payment or tender of the money. *Hough* v. *Rawson*, 17 Ill. 588.

The cases cited by appellant's counsel, have no application to the case made by these special counts. They are cases where the first act to be done was to be by the plaintiff.

Here, the first act to be done was to be performed by the defendant, and his option determined as to the weight. The plaintiffs could not act until those acts were done.

The judgment of the court below is affirmed.

*Judgment affirmed.*