Keyes v. Binkert.

---

## Keyes v. Binkert et al.

1. *Pleading in Assumpsit.*—When the action of assumpsit is on an undertaking which the law presumes to have been made because of certain acts, or the conduct of a party, though he has actually made no promise, the accepted form of pleading requires an averment of liability because of the acts, and of a promise which the law implies from the existence of the liability; but when the action is brought upon an express contract to do a certain act, no allegation of an implied promise is necessary.

Memorandum.—Appeal from the order of the Circuit Court of Adams County, sustaining a demurrer to the plaintiff's declaration; the Hon. OSCAR P. BONNEY, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892. Opinion filed October 17, 1892.

### STATEMENT OF THE CASE BY THE COURT.

The only question arising in this case is as to the sufficiency of the following declaration, viz:

STATE OF ILLINOIS, } ss. In the Circuit Court of Adams
County of Adams, } County. To the March term, A.
D. 1892. No. 3782.

Edward Keyes, plaintiff, by L. H. Berger, his attorney, complains of John S. Cruttenden and Anton Binkert,

partners, trading and doing business under the firm name and style of Binkert & Cruttenden, at Quincy, in said State and county, defendants, of a plea of trespass on the case on promises. For that whereas on the 16th day of October, 1891, in the said city of Quincy, became and were indebted to the said plaintiff in the sum of one thousand dollars of lawful money of the United States of America, for and on account of the promises herein-after mentioned, to wit: that is to say, the plaintiff, at the request of the defendants, bargained for and agreed to buy of the defendants the following described real estate, situate, lying and being in the city of Quincy aforesaid, to wit: the north one hundred and eight feet of the east half of block eighteen of Alstyne's addition to the city of Quincy, upon the terms and conditions of a written contract entered upon and signed and agreed to by and between the parties plaintiff and defendant to this suit, which said paper, writing or contract was and is in the following words and figures, to-wit:

"CONTRACT FOR SALE OF REAL ESTATE.

Office of BINKERT & CRUTTENDEN, 214 North Sixth Street. ⎱
               QUINCY, ILL., October 16, 1891. ⎰

Received of Edward Keyes twenty-five dollars ($25) as part payment toward the purchase of the following described real estate: The north one hundred and eight (108) feet of the east half of block eighteen (18) of Alstyne's addition to the city of Quincy, situated in the county of Adams and State of Illinois, which is hereby bargained and sold to the said Edward Keyes for the sum of eight hundred and sixty-four dollars ($864); eight hundred and thirty-nine dollars ($839) more to be paid on the delivery of a good and sufficient warranty deed of conveyance for the same within ten days from this date, or as much sooner as the deed is ready for delivery after he has had the title examined and found good. Should the title to the property not prove good, then this $25 to be refunded. But should the said Edward Keyes fail to perform this contract on his part promptly at the time and in the manner above specified (time being the essence of this contract), then the above

twenty-five dollars ($25) shall be forfeited by him as liqui-
dated damages, and above contract shall be and become null
and void.

BINKERT & CRUTTENDEN.    (Seal.)
EDWARD KEYES.             (Seal.)"

And in consideration of said agreement and undertaking
the defendants agreed and promised to deliver unto the
plaintiff a good and sufficient warranty deed of conveyance
for the premises herein before described, if within ten days
from the said 16th day of October, 1891, the plaintiff would
pay the defendants $839. The said defendants on said 16th
day of October, 1891, then having received the sum of $25
as part of the purchase money under the agreement herein-
before set forth, and the said plaintiff did, on the 21st day
of October, 1891, find the title to the said premises to be
good, and on the same date, at the office of said defendants,
tender unto said defendants the further sum of $839 of law-
ful money of the United States, said sum being the balance
due under said agreement, and then and there demanded of
said defendants a good and sufficient deed of warranty for
said real estate described in said agreement; and although
the plaintiff has complied with all of his agreements and
undertakings by him to be performed under said agreement,
and within the time specified therein, the defendants have
refused to deliver a good and sufficient warranty deed of
conveyance unto plaintiff for the real estate described in
said agreement, and the said plaintiff avers that the time for
conveying said real estate unto him has long since elapsed.

Yet he is willing to accept and has always been ready
to accept a good and sufficient warranty deed of convey-
ance for said real estate and to pay for the same at
the price aforesaid, to wit, $839, at the office of the said
Binkert & Cruttenden aforesaid. Yet the defendants did
not, nor would, within the time specified in said agreement,
after the making of said promise, or at any time afterward,
deliver unto plaintiff a good and sufficient warranty deed
of conveyance for the premises described in said agree
ment, after the making of said promise, or at any time
afterward, deliver unto plaintiff a good and sufficient war-

ranty deed of conveyance for the premises described in
said agreement but refused so to do, whereby the plaint-
iff has been deprived of divers great gains and profits,
which otherwise would have accrued to him from the
delivery of said deed to him as aforesaid, to the damage of
the plaintiff in the sum of one thousand dollars, and there-
fore he brings his suit, etc.

L. H. BERGER, attorney for plaintiff.

The demurrer filed to said declaration is as follows:

"And the said defendants come and say *actio non*, because
they say the plaintiff secondly thirdly amended declaration,
and the matters and things therein contained are insufficient
in law to maintain the action aforesaid, and they are not
bound by law to answer the same, wherefore they pray
judgment, etc.

And for special causes of demurrer said defendants show:

1.  This is an action of assumpsit and there is no allega-
tion in said thirdly amended declaration, contains no aver-
ment of any promise by the defendant to pay anything to
plaintiff.

2.  The declaration contains an averment of a tender and
offer to pay money and a demand for a deed, at a time
before the defendants were, by the terms of the contract set
out in the declaration, bound to deliver a deed, but contains
no averment that the tender was made at the expiration of
the time within which, by the terms of the agreement, the
defendants were to deliver such deed.

3.  Said secondly amended declaration is, in other re-
spects, informal and defective.

JOHN H. WILLIAMS."

The Circuit Court sustained a demurrer to this declara-
tion.  The appellant refused to amend, and, the action being
dismissed, prosecutes this appeal.

APPELLANT'S BRIEF.

The declaration meets with every legal requirement and
"is certain to a common intent in general."  The People v.
Shaw, 14 Ill. 476.

A declaration is always sufficiently definite when it states the contract in terms as in substance. White v. Thomas, 39 Ill. 227.

Where two acts are to be done at the same time, as for instance, A agrees to deliver to B a good and sufficient deed for land on a certain day, the agreement is a dependent one. Hunt v. Livermore, 5 Pick. (Mass.) 395; Howland v. Leach, 11 Pick. (Mass.) 151; Parker v. Parmele, 20 Johns. (N. Y.) 130; Gazely v. Price, 16 Johns. (N. Y.) 266.

Where the acts concerning which the undertakings are made have some necessary relation to each other, the undertaking may be dependent. Knight v. N. E. Worsted Co., 2 Cush. (Mass.) 286; Mill Dam Foundry v. Hovey, 21 Pick. (Mass.) 439.

The law only requires a willingness or readiness to make a tender. White v. Thomas, 39 Ill. 227; Hough v. Rawson, 17 Ill. 588; Funk v. Hough, 29 Ill. 145.

When concurrent acts are to be done at the same time, no action can be maintained without showing performance, or a readiness and offer to perform, and either party stating that the defendant neglected to attend when necessary or refused to perform his part. 208 Saunders' Pleading.

L. H. BERGER, attorney for appellant.

APPELLEES' BRIEF.

" No distinction exists in pleading between an implied promise and an express one; it is true that in evidence the law in many cases implies, from certain facts, that a promise has been made; but in pleading the supposed promise itself should be alleged." Chitty, Vol. I, page 302.

" In assumpsit the declaration must express a consideration and a promise in such a manner as to be sufficient." Read v. Walker, 52 Ill. 334.

JOHN H. WILLIAMS, attorney for appellees.

OPINION OF THE COURT, the Hon. Carroll C. Boggs, Judge.

The wording of the contract is somewhat peculiar and

its meaning for that reason is not so readily determined; but when all of its provisions are considered together and in proper connection we think the duties, rights and obligations of the respective parties satisfactorily appear.

As we construe it, the appellees contracted to sell to the appellant the premises described, and obligated themselves to convey the same to him by warranty deed within ten days, upon the payment of balance of the purchase money. The appellant, by the contract, became obligated to receive the deed and pay the money therefor at any time within said period of ten days, when the appellees might choose to offer it to him, if the title of the appellees, upon examination, proved to be good. Thus it is seen the appellant was required to be ready at all times during the ten days after he had examined the title to accept the deed and make payment therefor.

By tendering the balance of the purchase money he waived all question as to the sufficiency of the title, and in effect announced to the appellees that he was ready, willing and able to complete the transfer of the property. He could not know whether they were ready upon their part. If they were not, it became incumbent upon them to take such steps as might be necessary to enable them to perform their undertaking within the time limited, and when so ready to advise the appellant, to deliver him the deed and receive the money which they knew he was holding for them.

After having once tendered the money, a readiness and ability to comply, accept the deed and pay the money at all times within the ten days, is all that ought to be required of the appellant.

As to the rule in such cases, see 2 Parsons' Contracts, page 677; Hough v. Rawson, 17 Ill. 588; 3 Amer. and Eng. Ency. of Law, page 910, and note 1.

The declaration, though inartistically drawn, substantially states that the appellant made the tender, and during all the time in question thereafter was ready and willing and prepared to pay the money and take the deed, and that the appellees failed and refused to comply with their agreement

to deliver the deed, not only when he tendered them the money but also during all the time of the ten days mentioned in the contract and until the beginning of the suit.

We do not think an allegation of a promise by appellees to pay damages which the law would impose upon a breach of the contract is at all necessary to a good declaration.

When the action of assumpsit is on an undertaking which the law presumes to have been made because of certain acts, or the conduct of a party, though he has actually made no promise, the accepted form of pleading requires an averment of liability because of the acts, and of a promise which the law implies from the existence of the liability. When the action is brought on an express contract to do a certain act, no allegation of an implied promise is necessary. Wait's Actions and Defenses, Vol. 1, pages 370 to 376.

The demurrer should not, in our opinion, have been sustained, but should have been overruled.

The judgment must be reversed and the cause remanded, with instructions to overrule the demurrer and require the appellee to plead to the declaration.