**Leland J. Croft, Plaintiff-Appellee, v. Robert Lamkin, Defendant-Appellant.**

**Gen. No. 68–100.**

Fifth District.

September 10, 1969.

Harold J. Taylor, Taylor & Taylor, of Effingham, for appellant.

Frank G. Schniederjon, of Effingham, for appellee.

EBERSPACHER, J.

This is an appeal from a judgment for plaintiff entered after trial before the court, in an action to recover an alleged balance due under an oral contract or settlement agreement, brought under the provisions of Supreme Court Rules 281 through 288 (Ill Rev Stats 1967, c 110A, §§ 281–288) providing the procedure for actions on small claims.

In February of 1967, defendant Lamkin purchased from Badger Northland, Inc. (referred herein as Badger) certain feeding and cleaning equipment at an agreed price, under a contract which among other provisions, provided that the equipment was to be delivered to defendant's farm without charge to defendant, and that Badger was to arrange for a dealer to install the conveyor feeding system on an hourly basis to defendant and to arrange for on the job supervision and inspection at sufficient intervals at no cost to defendant. Badger arranged for plaintiff Croft, a farmer who was also a Badger dealer, to install the equipment. The record does not disclose any details of that arrangement other than defendant testified that he was under the impression that Badger was going to install the equipment, pay the labor bill and bill defendant for the installation. Defendant testified that Badger gave him an estimate of the cost of installation which was "about half of what it turned out to be." Defendant paid James Houck, a distributor of Badger, for the equipment.

Plaintiff with numerous employees commenced the installation of the equipment and during the course of installation requested some "operating money" from James Houck who, in turn, requested and received from defendant $500 which Houck paid over to plaintiff Croft.

According to the testimony of plaintiff, there was a conversation between plaintiff and defendant on September 5, two days before the work was finished, in which

plaintiff and defendant discussed the cost of installation in which plaintiff advised that he and his employees had worked in excess of 1,200 hours; in that conversation defendant inquired as to the charge per hour and was advised that it was $3.50 per hour, and that defendant stated he would send a check for $3,700 and when the work was completed and "when we got done he would figure up the full bill." According to defendant's testimony, the conversation took place on September 7th, after the installation was completed, in which defendant inquired of plaintiff as to the amount owed and was advised that 1,200 hours had been spent on the installation at $3.50 per hour, making a total of $4,200, of which $500 had been paid, leaving a balance of $3,700, and that nothing was said about any other pay. Defendant further testified that on the 7th he paid the bill in full by drawing a check payable to plaintiff in the amount of $3,700.

The check was mailed to plaintiff, received and endorsed by plaintiff. The check, introduced into evidence, was dated September 7, 1967, drawn on the account of Lamkinland Capital Account, was signed by defendant, payable to the order of plaintiff. On the upper left-hand corner of the face appeared the following printed words "BY ENDORSEMENT THIS CHECK WHEN PAID IS ACCEPTED IN FULL PAYMENT OF THE FOLLOWING ACCOUNT" under which are printed columns, one of which is headed "DATE" and one of which is headed "AMOUNT," and across the columns was typed, as was the date, payee's name and the amount, "INSTALLATION OF BADGER FEEDING EQUIPMENT" followed by the printed words "IF INCORRECT PLEASE RETURN. NO RECEIPT NECESSARY." Plaintiff admitted receipt and endorsement of the check.

Evidence was presented that approximately six months after the delivery of the check to plaintiff, plaintiff

advised defendant through one of defendant's employees that defendant owed an additional $483 and requested a check for that amount, to which defendant made no response.

On March 8, 1968, plaintiff filed his small claim complaint, claiming an indebtedness of $483 [1] for "labor performed." Defendant made a demand for a bill of particulars seeking to determine if the labor performed was performed by plaintiff or by his agents and employees, and if by employees, their names; the dates and hours of performance and nature of services rendered; and whether the amount claimed was part of a larger sum for labor performed, the balance of which had been paid, or for a separate undertaking apart from other labor performed. Plaintiff's answer advised that the labor performed was that of plaintiff and 9 named employees, including James Houck, the Badger distributor whom defendant had paid for the equipment. It further advised that the services rendered were the installation of the equipment and transporting material; it set forth the dates and hours on each day, totaling 1,338 hours; and stated that the claim was a part of larger sum of labor performed, the balance of which had been paid. Plaintiff obviously proceeding on the theory that defendant owed for an additional 138 hours at $3.50 per hour.

On the day of the trial defendant with leave of court filed a motion "pursuant" to Supreme Court Rule 214 (Ill Rev Stats 1967, c 110A, § 214) for an order directing plaintiff to produce a document showing withholding tax withheld from wages of the employees, and a record of payments to employees. Defendant argued the motion on the theory that he was entitled to know the amounts paid out by plaintiff. Plaintiff proceeding

---

[1] Plaintiff testified there was a $478 balance due (rather than $483, the amount claimed and indicated by the answer to the bill of particulars).

325

on the theory that there was a contract for payment at the rate of $3.50 per hour for each hour expended on the job, including the services of Houck, and transportation of part of the equipment to defendant's farm, and opposed the motion on the theory that the documents sought were not relevant. The court denied the motion on the grounds that "the Statute provides no discovery proceedings" in small claims.

Plaintiff was his own sole witness. On cross-examination, over objection, he testified that the hours included in his claim which James Houck worked on the installation consisted of 39½ hours for which defendant paid Houck $79, and that he knew Houck was a distributor of Badger and on one occasion testified that he did not know "what he was there for," and on another testified that he had hired Houck just as he had the other men.

Defendant was his own sole witness. He testified to the effect that Houck was on the job in the capacity of a supervisor and inspector furnished pursuant to the terms of his agreement with Badger to furnish supervision and inspection; that although defendant was present at some time most days during which the installation took place and never saw Houck dressed in working clothes but was always wearing a tie and many times a coat.

After hearing the evidence and arguments of counsel, the court indicated that the case should have been compromised and entered judgment for the plaintiff for $350. This led appellant to here contend that the judgment of $350 was entered as a result of a compromise outside the rules of procedure and not from the evidence in the case. He further points out that if the court decided the charge for Houck's services could not be sustained, the court could not have calculated the reduction of that $138.25 (39½ hours @ $3.50) from either the $483 sued for or the $478 plaintiff testified was due, and arrive at the figure of $350. At the same

time, it is pointed out that plaintiff has admitted that some portion of the hours on which his claim is based was expended in transporting equipment which defendant had bought. Neither of the parties saw fit to inquire as to the number of hours expended in transporting equipment, nor is there a positive showing that the equipment transported was a portion of that which was to be delivered by Badger to defendant's farm at no cost to defendant. Every reasonable inference from the evidence presented was to the effect that plaintiff was charging for transportation of equipment which the contract provided was to be delivered without cost. If so, the judgment should be further reduced.

██ ██ Plaintiff, of course, was entitled to try the case on his theory—that is, that there had been a meeting of the minds and a contract to pay for services expended at the rate of $3.50 per hour. As a result, the court committed no error in sustaining the objections to evidence concerning the amount plaintiff paid his employees. We believe that there is sufficient evidence from which the court could find that such contract existed. In view of the lack of positive evidence of any dispute at the time of the delivery of defendant's check and the equivocation of defendant's testimony with reference to the check being issued in payment in full, we consider that there was sufficient evidence from which the court could find that there was no accord and satisfaction.

██ ██ Ours is not the fact-finding function; we do not concern ourselves with resolving conflicts in evidence, its weight or with the credibility of witnesses. These are all matters for the trier of the facts who heard the witnesses give their testimony in his court. It is the trial court, when sitting without a jury, who must determine where the truth lies. Guthrie v. VanHyfte, 36 Ill2d 252, 222 NE2d 492. The presumption is that the trial judge heard sufficient evidence upon which to base

■■■

his judgment and the defendant, when he appeals, has the burden of showing by the record, that the judgment is manifestly against the weight of the evidence. National Builders Bank of Chicago v. Simons, 304 Ill App 471, 26 NE2d 665; Louis v. Checker Taxi Co., 318 Ill App 71, 47 NE2d 351. We, therefore, do not conclude that the finding of liability is against the manifest weight of the evidence.

■ ■ Defendant also contends that the court erred in refusing to order the plaintiff to produce his records pursuant to Supreme Court Rule 214, supra. He argues that production of records for the purpose of use in cross-examination is not barred by the rules providing the procedure for actions on small claims, Supreme Court Rules 281–288, supra, and that Supreme Court Rule 287, c 110A, § 287, Ill Rev Stats 1967, which provides, "No depositions shall be taken or interrogatories or other discovery proceeding be used prior to trial in small claims except by leave of court," does not bar or require leave of court for the use of discovery proceedings for production of records to be used in cross-examination during trial. Rule 214 is included in Part E of the Supreme Court Rules which is captioned "Discovery, Requests for Admission and Pretrial Procedure." We believe it can fairly be said that the production of records is a part of the discovery procedure whether they are sought for information to be used in either preparation for trial or for purposes of cross-examination during trial. As a result, the motion for production of records pursuant to Rule 214 was subject to the provisions of Supreme Court Rule 201, c 110A, § 201, Ill Rev Stats 1967, and (g) of that section provides: "Depositions and Discovery in small claims cases are subject to rule 287." As a result, the granting of the motion to produce required leave of court, and it was in the court's discretion to deny the motion, and we cannot say that discretion was abused, particularly in view of

the late date of the request and the theory of plaintiff's case.

■ ■ In this case there was a single, simple element of damage. It is unlike the situation in which there are many and varied elements of damage to which no monetary value is assigned in the evidence. In such situations error cannot be predicated merely upon the fact that the sum of the figures in the testimony fail to equal the amount of the court's award, because the court is permitted to take the many and varied elements into consideration. Here, having determined liability, damages should have been allowed either in the amount claimed, the amount claimed less Houck's hours, or the amount claimed less Houck's hours and less the amount of time engaged in transportation of equipment included in the Badger contract. Computation made under no one of those alternatives will result in the $350 judgment. We can, therefore, arrive at no other conclusion, particularly in view of the court's pronouncement, than that the court compromised the damages, and did not base them on the evidence. The small claims procedure is intended to provide a simplified procedure, but an orderly one in which the rules of evidence are applicable, and in which the rules that damages must be supported by the evidence is also applicable. That procedure leaves no room for compromise.

We, therefore, affirm the judgment and remand the cause for a new trial on the question of damages only.

Judgment affirmed, cause remanded for a new trial on the question of damages only.

GOLDENHERSH and MORAN, JJ., concur.