E. H. Chicoine Contractors, Inc., an Illinois Corporation, Plaintiff-Appellee, v. Investors Realty & Management Corporation, a Corporation, and The Chelsea House, a Limited Partnership, Defendants-Appellants.

Gen. No. 54,193.

First District, First Division.

October 13, 1970.

Spangler & Greenberg, of Chicago (Erwin H. Greenberg, of counsel), for appellants.

Selwyn Coleman, of Roselle, for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendants appeal from the judgment order of the Circuit Court of Cook County, which found in favor of the plaintiff for $5,671.30, due under a contract between the parties, taking into consideration certain claims for setoffs on behalf of the defendants. The only question to be determined on appeal is whether the judgment order is contrary to the manifest weight of the evidence.

Plaintiff corporation is engaged in the business of tuck-pointing and general masonry repairing. The defendant, Investors Realty and Management Corporation, is the managing agent of a ten-story apartment building

owned by defendant, The Chelsea House, a limited partnership. On August 4, 1966, the plaintiff and the defendant, Investors, as agent, entered into a written contract for masonry repairs to the building. Plaintiff commenced work approximately a week or ten days after the contract was signed and worked on the building until the following July. The main issue in the case is the defendants' allegation that the job was not performed in a workmanlike manner.

Defendants' primary contention of defective workmanship relates to paragraph III, subsection C–1 of the contract:

"C. With special reference to the patching which may be required in the concrete spandrels and/or concrete columns:

"1. Areas larger than 10 square inches shall be reinforced with 2″ galvanized wire mesh anchored to a minimum depth of 1″ to 1½″ with hook anchors. In the case of patches of less than 10 square inches, the cement mix as alluded to above, shall be used."

Defendants' primary evidence of plaintiff's violation of this provision is the testimony of one of plaintiff's witnesses that no wire mesh was used in patches with a depth of less than one inch to one and one-half inches. Plaintiff's witness also testified that he purchased fifteen sheets of wire mesh and used an additional four or five sheets from his own stock in repairing patches of more than ten square inches. Defendants offered no evidence to show how many patches of an area larger than ten square inches were of a depth of less than one to one and one-half inches.

In other aspects of the same evidentiary issue, defendants' sole witness, who commenced working for Investors as a supervisor after the patchwork had been substantially completed, introduced pictures showing a few defective patches on the wall of the building. The wall, however, had been subsequently damaged by the wrecking of a building adjacent to The Chelsea House, which was in no way connected with plaintiff's masonry repairs. Defendants' sole witness also testified that he chiseled out a

number of patches to a depth of three-quarters of an inch, and found no wire mesh. There was, however, direct testimony that the mesh would be located at least one inch below the surface.

The trial court found that the defendants offered only slight evidence tending to show defects in the patchwork; that according to plaintiff's testimony only 25 out of approximately 125 to 200 patches were ten inches square or larger; that the patchwork constituted only ten percent of the job for which plaintiff contracted; and that the defendants simply did not meet their burden of proof.

■■ Defendants had the burden of showing by the record that the judgment was manifestly against the weight of the evidence. Croft v. Lamkin, 112 Ill App2d 321, 251 NE2d 88 (1969). We find that the defendants did not meet that burden here and that there is sufficient evidence to support the judgment order. Guthrie v. VanHyfte, 36 Ill2d 252, 222 NE2d 492 (1967). We find no merit in the defendants' argument that the alleged diminution of the guarantee is a defense for failure to pay the plaintiff, nor in their argument that plaintiff was subject to some higher standard of workmanship.

For these reasons, the judgment order of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.