OLLIE LEISURE, Plaintiff-Appellant, *v.* ROBERT W. SMITH *et al.*, Defendants-Appellees.

(No. 72-26;

Fifth District—September 6, 1973.

*Rehearing denied October 10, 1973.*

Marvin Barnes, of Granite City, for appellant.

Amerik A. Kachigian, of Granite City, for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from the Circuit Court of Madison County. The case involves a contract for the conveyance of a fee simple in Granite City by warranty deed. Plaintiff, Ollie Leisure, wanted a tavern known as the "Town Tavern" which was owned by Robert and Birdie Smith. There is some confusion about the facts. Apparently Mrs. Leisure and one Larry Butts contracted to purchase the tavern and Butts was to run the tavern, but this contract is not part of the record. Leisure and Butts took over the tavern and ran it for one week during which time it was robbed of all the stock and the fixtures were damaged. At this

time plaintiff asked Robert Smith to come back into the business and run it for her. A new agreement was entered into listing the names of plaintiff and defendants, Robert Smith and Birdie Smith, as parties to the contract.

Under the terms of the contract Ollie Leisure was to pay to Robert Smith and Birdie Lee Smith, his wife, the sum of $35,000 in exchange for the warranty deed to the real estate upon which was located the "Town Tavern," including all of the present stock and all personal property appurtenant to or used in the operation of the business.

The $35,000 was to be paid in the following manner: $100 cash paid November 1, 1967; $13,500 allowed for the property at 2008 and 2010 Missouri Avenue which Leisure deeded to the Smiths, and a note for $4,000 to the seller as a down payment; buyer also assuming a loan of $933.75 at the First Granite City National Bank for an air conditioner. The balance of $16,266.75 payable to Robert W. Smith and Birdie Lee Smith in monthly installments of $165.00 with interest at seven per cent. Mrs. Smith refused to sign the contract, however, after having the contract read to her. Mrs. Leisure signed it at the same time Robert W. Smith signed it.

The plaintiff testified that she then ran the business with Robert Smith for six months or a year. The businesss never recovered from the earlier robbery and damage, and slowly deteriorated until it was abandoned by both parties after one year, never having shown a profit. The property was then leased and a realty company collected the rentals.

Ollie Leisure paid the $100 cash, transferred the deed to the Missouri Avenue property to Robert Smith and turned over a note for $4,000 to Robert Smith which she never paid. Fire burned down the Missouri Avenue property and after paying off the mortgage for $7,500 to the First National Bank in Madison and for the demolition of the fire damaged building, the balance of the insurance money is being held by a receiver.

Plaintiff filed a complaint to rescind the contract and conveyance alleging that defendant knew at the time the contract was signed that his wife would not sign the contract for the "Town Tavern", but fraudulently made statements that Birdie Lee Smith would sign the contract to induce plaintiff to deed her Missouri Avenue property to the Smiths. Defendant, Robert Smith, filed a counterclaim for payment of the $4,000 note of Mrs. Leisure. The trial court found in favor of the defendant on the complaint and in favor of Mrs. Leisure on the counterclaim. Only the plaintiff has appealed.

■■ The plaintiff maintains on appeal, *inter alia*, that the "Town Tavern" had a mortgage at the time the contract for deed was made

and that no mention of the mortgage was made in the contract and this failure to mention the mortgage amounted to fraud and because of this initial fraud the plaintiff is entitled to rescission. The contract provides in part: "If the title of the seller of the above described property is now or hereafter encumbered by mortgage, seller shall meet the payments of principal and interest thereon as they mature and produce evidence thereof to purchaser. The seller shall cause to be made all payments of principal and interest on said mortgage, if any, in accordance with its terms and upon failure to pay said mortgage, principal or interest, or perform the covenants and conditions contained in said mortgage, the purchaser may pay the same which payments shall be credited to the sums due under the terms of this Contract." It seems clear that the possibility of there being a mortgage on the property was considered and plaintiff had the option of paying off the mortgage and applying those payments to the total purchase price. Also, plaintiff could have inquired into the public records to determine whether or not the property was mortgaged. Considering all these facts we do not feel that the plaintiff has sustained the burden required to prove the existence of fraud entitling her to rescission on this point.

Plaintiff also maintains that at the time of the contract signing Robert Smith knew that Birdie Smith would not sign the contract for the "Town Tavern," but fraudulently made statements that Birdie Smith would sign to induce plaintiff to deed her Missouri Avenue property to the Smiths. This issue was decided in favor of the defendant at the trial level. We must point out that on appeal, the party claiming error has the burden of establishing any irregularities and the one who seeks to reverse the decree carries the burden of showing that it was erroneous. *Flynn v. Vancil*, 41 Ill.2d 236, 242 N.E.2d 237.

At the time Ollie Leisure signed the contract for deed she knew that Mrs. Smith was not present and that she had not signed the instrument previously, but after the contract was read to her Ollie Leisure signed it at the same time Robert Smith signed it. When Mrs. Smith did not sign the contract, Mrs. Leisure had the option to rescind the contract. She did not take that option, but instead continued the contract knowing only Robert Smith had signed, thus it became a contract between Mrs. Leisure and Mr. Smith.

■■■ Plaintiff alleges that the failure of Birdie Lee Smith to sign the contract was a substantial failure of consideration. As we have already stated when Mrs. Leisure continued the contract after Mrs. Smith had not signed it, it became a contract between Mrs. Leisure and Mr. Smith. The contract provided that: * * * if the party of the second part (Ollie Leisure) shall first make the payments and perform the covenants

* * *" and "* * * it is Mutually Agreed by and between the parties hereto that when payment in full of said purchase price, together with all interest, costs, taxes, assessments and other charges accrued shall have been paid said party of the first part (Smith) will deliver deed to said second party upon said property." According to the terms of this agreement Smith was to convey a warranty deed for the "Town Tavern" property after Leisure completed performance of her obligation. Thus it was not until after Leisure had performed that Smith was to convey the Warranty Deed. Where the owner of real estate has contracted to sell and convey it, he may insist on the payment of the purchase money as a condition to delivering the deed. (*Ishmael v. Parker*, 13 Ill. 324.) Plaintiff implies that because Birdie Smith would not sign the contract for deed then she would not sign the deed itself. This does not necessarily follow. Smith's time for performance never arrived. We cannot say as a matter of fact that Mrs. Smith would not sign the deed if the contract had been complied with by Mrs. Leisure. Smith exchanged his promise to convey a warranty deed to the "Town Tavern" property for Leisure's promise to first pay the purchase price. It is clear that mutual and concurrent promises afford sufficient legal consideration for the support of each other. (*Funk v. Hough*, 29 Ill. 145; *Nathan v. Leopold*, 108 Ill.App.2d 160, 247 N.E.2d 4.) The trial judge is presumed to have heard sufficient evidence upon which to base his judgment and the appellant has the burden of showing by the record that the judgment is manifestly against the weight of the evidence. (*Croft v. Lamkin*, 112 Ill.App.2d 321, 251 N.E.2d 88.) Mrs. Leisure undertook the operation of the tavern and the fact that it proved to be unprofitable does not constitute a failure of consideration.

Appellant at the time of oral argument requested leave to file an amended complaint. In view of our holding herein, we find that such an amendment would not change the result reached and on that basis leave is denied.

We conclude, therefore, that the findings of the trial judge are not against the manifest weight of the evidence and thus affirm the decision of the trial court.

Affirmed.

EBERSPACHER, P. J., and JONES, J., concur.