HERSCHEL HOOVEN, Plaintiff-Appellant, *v.* A. L. WOODIEL, Defendant-Appellee.

(No. 74-265;

Fifth District—April 4, 1975.

William E. Aulgur, of Eldorado, for appellant.

Cox and Bassett, of Wood River, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

· Plaintiff-appellant Herschel Hooven appeals from a judgment of the Circuit Court of Madison County finding for defendant-appellee A. L. Woodiel in an action for damages for breach of an installment contract for the sale of land.

On July 1, 1967, plaintiff and defendant entered into an "Agreement for Warrantly Deed." This contract for deed provided that if the purchaser performed all required covenants and made all payments, the seller would convey the property by warranty deed. The contract also contained a covenant by the purchaser to pay the purchase price of $10,500 as follows: $285 at execution and $85 per month thereafter until paid in full. Paragraph 8 of the agreement stated:

> "In event of failure of the said parties of the second part to make any of the agreed payments or any part thereof, within a period of thirty (30) days from the date of said payment becomes due [sic], then this contract shall at the option of the parties of the first part seller, be forfeited and determined, and the parties of the second part purchaser shall forfeit all payments made by them on this contract and such payments shall be retained by the said parties of the first part. The said parties of the first part shall then and there have the right to re-enter and take possession of the premises aforesaid."

The contract recited that it was made by "Herschel E. Hooven and Mary J. Hooven, husband and wife," as sellers and A. L. Woodiel as purchaser; however, the agreement was signed by Herschel Hooven and

A. L. Woodiel only. Although Mary Hooven was present at execution, she did not sign the agreement. The record indicates that Hooven and his wife owned the property as joint tenants.

The purchaser paid the down payment and executed a promissory note for the balance, payable to Herschel Hooven only. Purchaser made three monthly payments. His daughter and her husband occupied the property and made two more payments after which they abandoned the premises. Defendant advertised without success for a buyer of the property and notified plaintiff of his intention not to keep the property or make further payments. No subsequent payments were made. Seller advertised the property without success and then sold the property to one Audrey Reardon, his wife's aunt, for the balance due on a mortgage, $5,600. Audrey Reardon subsequently resold the property for between $7,200 and $7,800. The evidence showed that Reardon lived with the plaintiff and his wife during this period, that plaintiff was involved in the management of the property, and that, although plaintiff arranged for the sale of the property by Reardon, he received no commission or compensation from the sale.

Plaintiff's complaint prayed for $4,401.50, the difference between the balance owing on the contract for deed and the price for which plaintiff sold the property to Reardon. The complaint was based solely on the contract, although a promissory note had been executed by defendant. Defendant filed an answer raising as an affirmative defense that "the agreement * * * does not constitute a legal document upon which the cause of action may be maintained and that any alleged Promissory Note is without consideration and void."

The matter was tried to the court without a jury. The court subsequently entered a judgment order including findings of fact. The last paragraph of the order stated:

> "That, although the plaintiff was excused from tendering a deed to the defendant because of the defendant's breach of said Agreement for Warranty Deed, the plaintiff had the burden of showing that he was ready and able to perform said Agreement for Warranty Deed by conveying, or by causing to be conveyed, full and complete title to said real estate to the defendant by Warranty Deed in accordance with said Agreement for Warranty Deed, (92 C.J.S. Vendor & Purchaser, section 530), and the plaintiff failed to sustain his burden in this regard."

Appellant alleges that the court erred in holding that appellant had the duty to show that he was ready and able to convey a warranty deed to the defendant-appellee upon his payment of the purchase price, citing Leisure v. Smith, 13 Ill.App.3d 1070, 302 N.E.2d 177 (1973). We

agree. Under the agreement, plaintiff's time for performance never arrived. Until that time, plaintiff thus had no obligation to prove his ability to convey merchantable title. (*Tolbird v. Howard*, 101 Ill.App.2d 236, 242 N.E.2d 468 (1968).) Mrs. Hooven's failure to sign the agreement alone is no evidence of plaintiff's inability to perform at a future date. Were this the sole problem in this case, we would be obliged to reverse.

■■ From the record as it appears before this court, it is difficult to discern upon what theory the case was tried. The pleadings filed in the trial court are devoid of detail. The record reflects that briefs were to be filed by the parties in the trial court. But neither the briefs nor arguments of counsel on their respective theories of law appear. Appellee urges in his brief on appeal that paragraph 8 of the agreement, quoted above, provided an exclusive remedy of forfeiture and that no action for damages could be maintained. From the record before us, we cannot determine whether this issue was raised or decided in the court below. The rule is well stated, however, in *Shaw v. Lorenz*, 42 Ill.2d 246, 248, 246 N.E.2d 285 (1969), that "the appellee may urge any point in support of judgment on appeal, even though not directly ruled on by the trial court, so long as the factual basis for such point was before the trial court."

■■ We hold that the record in this case does reflect a factual basis upon which appellee's claim can be adjudicated. The judgment order of the trial court states that five monthly payments were made on the agreement subsequent to July 1, 1967. Payments were to commence on August 15, 1967. The last payment would therefore have been for the period of December 15, 1967 through January 14, 1968. Before that time, defendant notified plaintiff that no further payments would be made and that the property had been abandoned. Defendant returned the keys to the premises to plaintiff. Plaintiff thereafter, on January 12, 1968, sold the property to Audrey Reardon. That act, in the face of defendant's notice to plaintiff of the breach of the agreement, constituted forfeiture, reentry and repossession of the premises under paragraph 8 of the agreement.

■■ Forfeiture of an installment contract for the sale of real estate is an act disaffirming the contract. An action for damages for breach, however, treats the contract as continuing in full force and effect. The two actions are inconsistent. In *Wollenberger v. Hoover*, 346 Ill. 511, 179 N.E. 42 (1931), the court stated:

> " 'If the vendor exercises his option to declare the contract at an end he cannot change his position and thereafter hold the purchaser liable to complete the purchase or pay any part of the unpaid purchase money. The remedy of the vendor by way of cancellation of the contract and the continued liability of the

purchaser for the purchase money are totally inconsistent, and the exercise of the former terminates any further liability of the purchaser for the purchase money.' 27 R.C.L. 666; *Ogden v. Larrabee,* 57 Ill. 389." 346 Ill. 511, 545, 179 N.E. 42, 57. (See also *Morey v. Houston,* 85 Ill.App.2d 195, 228 N.E.2d 544 (1967).) Thus, plaintiff's forfeiture of the agreement barred any subsequent action for damages.

■■ We do not hold, as defendant-appellee urges, that forfeiture was the only remedy available to plaintiff under the agreement. Plaintiff could have treated the contract as subsisting. In such event, the agreement lacking a provision for acceleration of payments in the event of breach, plaintiff could have sued for installments as they came due. (*Morey v. Houston; Tolbird v. Howard,* 101 Ill.App.2d 236, 242 N.E.2d 468 (1968).) We are not called upon to determine what duty a vendor has to mitigate damages in such a situation and do not do so. In the instant case, plaintiff elected the remedy of forfeiture and could not, in addition, sue for damages for breach of the contract.

Thus, while we find that the trial court erred in its reasoning in support of judgment for defendant-appellee, we find in the record justification for that holding and affirm the judgment of the Circuit Court of Madison County.

Affirmed.

JONES, P. J., and G. MORAN, J., concur.