Level v. Chadbourne.

---

### John S. Level v. Alice B. Chadbourne.

1. QUESTIONS OF FACT—*In Actions for Money Had and Received.*— Where a party is doing business under different styles and is sued for money had and received, the question whether he is the real party back of the concern is a question of fact for the jury, under all the evidence in the case. and whether he is doing the business in his own name or in the name of a purported corporation, is immaterial, if he received the money he is liable.

Action under section 132 of the Criminal Code. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed December 24, 1901.

O'DONNELL & BRADY, attorneys for appellant.

D. M. KIRTON, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The declaration in this case consisted of a special count, under the provisions of section 132 of the criminal code, to recover money deposited as margins in a gambling contract, and the common counts in assumpsit.

Judgment was recovered for $850 on a verdict for that amount, and this appeal has followed.

The evidence disclosed that appellant conducted a bucket-shop business in his own name, which was changed, about June, 1898, to the name of a corporation known as the North American Grain and Stock Exchange, and in December, 1898, again changed to the Northern Grain and Stock Exchange, not incorporated. It was admittedly the same business down to the time of the last change of name— appellant owning it and conducting it. The defense is that appellant had nothing to do with the business after this last change of name, on December 6 or 7, 1898; that he was not a party to the contract entered into with the appellee, and that he was not a " winner " within the meaning of section 132 aforesaid.

It appears in evidence that appellee commenced to do business with appellant in February, 1898, while he was engaged in business in his own name and continued to trade with him until after the last change of name. During all the time she so traded, the appellee received no notice from the appellant that he had retired from the business, and she had no notice of the change of name in which the business was carried on, except she observed the change on the windows and door of the office, from appellant's individual name to that of the corporation and *pseudo* corporation.

There is no question but at the time of the alleged transaction, a bucket-shop business was carried on at the place where the transaction was made—that is, that no actual stocks were intended to be bought or sold, and that settlement was intended to be on the basis of differences in price of the commodity dealt in; and the same understanding

existed at the time this particular transaction was entered upon, on December 21, 1898.   It was then the same kind of business, the same office and fixtures and the same clerks.

Appellee gave her money at that time to one McGurk, who, it is claimed, became the owner of the business on December 7th.   He had been in the employ of appellant all the time that appellee had done business with appellant, and she had paid to him money on former transactions.   There was nothing in the presence of McGurk at the office, nor in the receipt of the money paid to him, to put appellee on inquiry as to a change in ownership of the business.   The appellant was around the office after business hours looking over the accounts with McGurk, after the name had been changed to the Northern Grain and Stock Exchange, and the jury had the right to infer that the appellant was still interested in the business.   The business continued to be appellant's until it was shown that appellee had notice that he had withdrawn from it.   Arnold v. Hart, 75 Ill. App. 165.

Only two witnesses testified at the trial—the appellee and the appellant—and the jury were entitled to say which of them they believed.   McGurk was not called to testify.   If they believed appellee and did not believe appellant, it was their right so to do, and the evidence was not evenly balanced.

The instructions fully and fairly presented this and the other questions in the case with entire clearness, and no point is made against them.

Whether appellant was the real party back of the concern was a question of fact for the jury under all the evidence.   Whether he was doing the business in his own name or in the name of a purported corporation, if he received the money he is liable.   Pearce v. Foote, 113 Ill. 228; Jamieson v. Wallace, 167 Ill. 388; Kruse v. Kennett, 181 Ill. 199.

We discover no ground for a reversal of the judgment, and it is therefore affirmed.