Calvin T. Hood, Defendant in Error, v. George E. Laubenheimer, Plaintiff in Error.

### Gen. No. 16,768.

APPEALS AND ERRORS—*findings of court held conclusive.* The findings of a court sitting without a jury, held to be conclusive where they appear to be supported by the preponderance of the evidence.

Error to the Municipal Court of Chicago; the HON. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 16, 1912.

NEWTON A. PARTRIDGE and CHARLES ARND, for plaintiff in error.

C. STUART BEATTIE, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

Defendant in error, a physician and surgeon, brought suit in the Municipal Court against plaintiff in error to recover $197 for professional services performed for one Bouland, upon an alleged original undertaking by plaintiff in error to pay him for such services. Upon a trial by the court without a jury there was a finding and judgment against plaintiff in error for the amount sued for.

Bouland, while in the employ of George E. Laubenheimer & Company, a corporation, of which plaintiff

in error was president, sustained an injury to his hand in the copper and iron works plant operated by said corporation, and was taken by one of his co-employees to a drug store, where defendant in error gave Bouland the necessary and proper treatment.

The testimony of witnesses called on behalf of defendant in error tends to show that after defendant in error had dressed the injury, he told Bouland to see plaintiff in error and find out if the concern had a company doctor, as his hand would have to be dressed the next day; that Bouland saw plaintiff in error the next morning and told him of the injury to his hand, occasioned by a riveter and asked plaintiff in error if they had a company doctor, which inquiry plaintiff in error answered in the negative; that plaintiff in error then asked Bouland who had dressed his hand and upon being informed that defendant in error had dressed it, and that it would have to be dressed again that afternoon, told Bouland he had better go back and have defendant in error fix him up; that when Bouland returned to the office of defendant in error, he told defendant in error what plaintiff in error had said; that on the day following the injury to Bouland plaintiff in error called up defendant in error by telephone and inquired about the extent of the injury to Bouland, and upon being informed by defendant in error, and being asked by defendant in error what plaintiff in error wanted him to do with reference to the injury, plaintiff in error said, ''Fix it up, we take care of our employees; take care of it,'' and that on several occasions thereafter plaintiff in error called up defendant in error and inquired how Bouland was getting along. While this version of what was said and done is contradicted by plaintiff in error, his main contention is that the liability, if any exists, is against the corporation and not against himself personally, and in support of such contention our attention is directed to a line of cases wherein it is held that, where an agent makes a contract and dis-

closes at the same time his principal or the principal was known at the time by the other party, the agent is not personally liable, unless he expressly makes himself so; or it may be fairly inferred from the nature of the contract itself and concurring circumstances. There is no pretense in this case that plaintiff in error disclosed his principal to defendant in error, and it does not appear from a preponderance of the evidence that defendant in error knew the principal.

Upon the issues of fact involved, the findings of the court must, in this case, be held to be conclusive, and the judgment is affirmed.

*Judgment affirmed.*