(No. 31737.— ▉▉▉▉▉▉)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD OKULCZYK, Plaintiff in Error.

*Opinion filed September 21, 1951—Rehearing denied Nov. 19, 1951.*

JAMES E. DANIELS, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN IRVING PEARCE, State's Attorney, of Joliet, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, Edward Okulczyk, hereinafter called the defendant, on February 20, 1945, entered a plea of guilty to an indictment for larceny returned in the circuit court of Will County. The record shows the judgment entered in the following language:

"Whereupon it is ordered by the Court that said defendant, Edward Okulczyk, is guilty of larceny as charged. * * * Therefore, it is ordered and adjudged by the Court that the said defendant, Edward Okulczyk, be taken from the bar of this Court to the Illinois State Penitentiary of Joliet, Illinois from whence he came and be delivered to the warden or keeper of said penitentiary, and the said warden or keeper is hereby required and commanded to take the body of said defendant, Edward Okulczyk, and confine him in safe and secure custody from and after the delivery hereof for an indeterminate period of not less than one year and not more than ten years * * * until discharged or paroled * * *. It is further ordered that such sentence shall run consecutively with the sentences he is now serving at said penitentiary in Cause No. 44-1576 and Cause No. 44-1575, * * * both in the criminal court of Cook County, Illinois."

It is the contention of the plaintiff in error that a judgment order and sentence providing imprisonment for a term from and after delivery of defendant to the penitentiary and also in the same judgment and sentence ordering it to run consecutively with sentences in another case is not properly ordered as a consecutive sentence but is held to be a concurrent sentence commencing upon the delivery of defendant to the penitentiary, citing *People* v. *Nicholson,* 404 Ill. 122; *People* v. *Camy,* 404 Ill. 391; *People* v. *Hardgrave,* 406 Ill. 211. In each of those cases this court held that a judgment order which provides for imprisonment commencing from and after delivery of the body, and also orders the term of imprisonment to commence at

the expiration of incarceration in another case, offends the rule as to certainty.

After the filing of the writ of error on the part of the defendant in this case, the State's Attorney of Will County filed a petition in the circuit court of that county asking to redocket the cause and to amend and expand the record to speak the truth by striking out the words "from and after the delivery hereof." On the same date the State's Attorney of Will County filed a petition for writ of *habeas corpus* commanding the Warden of the Illinois State Penitentiary to bring the said defendant to the circuit court of Will County to be present at a hearing on a petition to amend the record. Upon the presentation of the petitions, the circuit court of Will County entered an order setting a date for the hearing on the petition to make the expanded judgment order in said cause conform with the judge's minutes. The court also entered an order that the writ of *habeas corpus* issue providing for the presence of the defendant returnable on November 2, 1950. On the application of the defendant the hearing was continued to November 27, 1950, at which time the defendant appeared with counsel of his own choosing. After numerous continuances, on December 11, 1950, a hearing was had on the amended petition to redocket the cause and to amend the record to speak the truth.

Over the objection of the defendant, the court ordered the clerk to reinstate the cause on the docket. The People then through the State's Attorney of Will County offered in evidence the original docket sheet made during the course of defendant's trial on February 20, 1945. The document was duly identified by the clerk of the court. This exhibit, after showing a plea of guilty entered by the defendant, recites in part as follows:

"And defendant Okulczyk is sentenced to the Illinois State Penitentiary for the crime of larceny for an indeterminate period of not less than one year or more than ten

years and according to law, such sentence to run consecutively with the sentences that he is now serving at the Illinois State Penitentiary in Cause No. 44-1576  *  *  * and Cause No. 44-1575,  *  *  * both in the Criminal Court of Cook County, Illinois."

The original *mittimi* in both the above cases from Cook County were also properly identified and admitted in evidence. At the conclusion of the hearing, the court found that, based upon the testimony and the exhibits received in evidence, the record should be amended to speak the truth so as to eliminate that portion providing that "the body of the defendant is to be kept from and after delivery thereof" and to provide that sentence for the crime of larceny of which the defendant was convicted should be from and after the expiration of the sentences in the two cases from the criminal court of Cook County. Based upon these findings, the expanded order complained of was duly entered and filed.

In cause No. 44-1575 from the criminal court of Cook County, the record definitely shows that defendant was sentenced to the Illinois State Penitentiary on January 4, 1945, for the crime of larceny of an automobile for a term of not less than one year nor more than fifteen years. Also, that in cause No. 44-1576, on the same date, defendant was sentenced to the Illinois State Penitentiary for the crime of plain robbery, for a term of not less than one year nor more than fifteen years, as provided by law.

Defendant insists, and we agree, that an amendment of a record cannot be made either from the memory of witnesses, from the recollection of the judge himself, or by affidavit, but the record must show the basis upon which the amendment or correction is made. *People* v. *Miller*, 365 Ill. 56.

However, we have also held that "The record in a criminal case may be amended after the term at which it is made has elapsed, by an order of court entered *nunc pro*

*tunc,* when by reason of a clerical misprision it does not speak the truth." *Tynan* v. *Weinhard,* 153 Ill. 598; *People* v. *Hall,* 407 Ill. 137.

In the present case it was clearly shown by the minute docket entry sheet made by the judge during the original trial that the record as originally written by the clerk was in error.

The docket sheet, the care with which the two *mittimi* from the criminal court of Cook County were introduced in evidence, the testimony of the official court reporter, and other evidence produced at the hearing on the petition to amend, contains sufficient memorials upon which to correct the record and make it speak the truth.

Here, as in *People* v. *Ferguson, ante,* page 87, decided today, we have considered the case as it stands upon the corrected record now before us. What is there said, however, as to the sufficiency of the original record before it was corrected is equally applicable here.

The judgment of the circuit court of Will County is, therefore, affirmed.

*Judgment affirmed.*