Southland Corporation, a Texas Corporation, and Bernard Karey, Plaintiffs-Appellees, v. Village of Hoffman Estates, a Body Politic and Corporate, Frederick E. Downey, et al., Defendants-Appellants.

Gen. No. 54,549.

First District, First Division.

September 21, 1970.

312

Hofert and Samelson, of Des Plaines (Edward C. Hofert and Harry G. Fins, of counsel), for appellants.

Edward T. Graham, of Wheaton (Sidney Z. Karasik, of Chicago, of counsel), for appellees.

MR. JUSTICE ADESKO delivered the opinion of the court.

This case involves a mandamus action instituted by the Southland Corporation, the owner of certain property, and Bernard Karey, the contract purchaser of the same property. Plaintiffs' real estate is located outside the corporate limits of the Village of Hoffman Estates. The defendants are the Village, certain individuals, who are members of the Village's Board of Trustees and various other officials of said Village. Plaintiffs' petition alleged that the Village had the duty of operating and maintaining a water and sewer system "situated within and surrounding the corporate boundaries of the Village of Hoffman Estates", which included the plaintiffs' property. The petition stated that the plaintiffs had made application to the Village's water and sewer system. Plaintiffs averred that the defendants had refused such application without legal justification and that plaintiffs sought a writ of mandamus directing the defendants to permit the plaintiffs to connect into the water and sewer system.

The defendants' answer denied any duty to operate or maintain a water and sewer system outside the corporate limits of the Village. The Village admitted that on prior occasions, it had voluntarily supplied such services to certain properties located without its corporate limits. The defendants admitted also that the plaintiffs' application had been tendered and then refused. The defendants stated that the water and sewer system was not for the use and benefit of the public but rather for the use and benefit of the Village and its residents.

Subsequently, the plaintiffs moved for summary judgment and on August 25, 1969, the trial court granted their motion, directing a writ of mandamus to the Village Clerk, a party defendant, to issue permits to the

plaintiff Bernard Karey. On August 28, 1969, the defendants filed their notice of appeal from this order. The plaintiffs filed a notice of cross-appeal on September 2, 1969, from the trial judge's refusal to allow plaintiffs' recovery of damages. The cross-appeal is not before this court. Then, on October 2, 1969, and 35 days after the defendants' notice of appeal, the plaintiffs filed a motion requesting the trial court to amend the order of August 25, 1969, nunc pro tunc to include Southland Corporation because that party had been inadvertently omitted from the judgment order. The trial judge granted the motion on October 2, 1969. Defendants have also appealed the nunc pro tunc amendment of the order.

Defendants seek reversal by arguing two main issues. The first is that the trial court was without jurisdiction to enter the order of October 2, 1969, which amended the order of August 25, 1969, to include Southland Corporation and that error was committed in the granting of summary judgment directing the issuance of the writ of mandamus.

The first issue raised by the defendants presents a substantial question of procedural law. The defendants have urged several theories which they contend make the order of October 2, 1969, erroneous. From the record it appears that both plaintiffs had petitioned for a writ of mandamus and that the defendants' answer denied that plaintiffs were entitled to it. The motion for summary judgment was urged by both plaintiffs but requested that the Village Clerk "issue permits to Bernard Karey." The judgment order of August 25, 1969, referred to the plaintiffs' motion and granted the issuance of a writ of mandamus solely to the plaintiff Bernard Karey. Defendants' notice of appeal was from the order as to the relief granted to the plaintiffs. The writ of mandamus referred only to Karey. Subsequently, plaintiffs' motion for the nunc pro tunc amendment of the August 25 order alleged the inadvertent omission of the Southland Corporation from the provision commanding the issuance of permits for the connection of water and sewer services. The transcript from the hearing of October 2, 1969, discloses that the trial judge relied upon

Supreme Court Rule 329 (Ill Rev Stats, c 110A, § 329, 1969) for amending what the plaintiffs alleged was an inadvertent omission. The trial court granted the motion and issued a new order, nunc pro tunc as of August 25, 1969, which gave relief to both Karey and Southland Corporation.

The first theory asserted by the defendants is that the trial court lacked jurisdiction to enter this nunc pro tunc amendment of the judgment order after a notice of appeal had been filed from that order. Defendants have cited a number of decisions that have discussed the powers of a trial court once a notice of appeal has been filed. These cases use various terms to describe the effect of an appeal on the trial court's jurisdiction. It has been stated that the trial court is "deprived" of jurisdiction, Brehm v. Piotrowski, 409 Ill 87, 98 NE2d 725 (1951); People v. Dusher, 24 Ill2d 309, 181 NE2d 166 (1962), and that the notice of appeal "restrains the trial court from entering any order which would change or modify the judgment or decree, or the scope thereof, . . . which would have the effect of interfering with the review of the judgment or decree," Lind v. Spannuth, 8 Ill App2d 442, 453, 131 NE2d 796 (1956). A more recent statement is found in City of Chicago v. Myers, 37 Ill2d 470, 227 NE2d 760 (1967) where the court said, at page 472:

> "The jurisdiction of the appellate court attaches upon the proper filing of notice of appeal. Thereafter, *excepting certain instances* not here concerned, the cause is beyond the jurisdiction of the trial court." [Emphasis supplied.]

See also O'Donnell v. Woods, 94 Ill App2d 134, 236 NE2d 324 (1968). As can be noted from the words we have emphasized, the rule expressed in the Myers case recognized that certain exceptions exist.

Some of these exceptions were discussed in an article entitled "Jurisdiction of Trial Court after Notice of Appeal", 53 Ill Bar Journal 30 (1964). Plaintiffs have relied upon that article where, at page 37, it was stated:

> "While an appeal is pending the trial court may amend the record to correct matters of inadvertence

or mistake, but it is denied the power to remedy defects of substance which would make it a new case."

■ We believe that the above authorities establish that a trial court's post-appeal jurisdiction is not completely abrogated by the filing of a notice of appeal. Certain of the trial court's powers have been held to be abrogated. For instance, in Butler v. Palm, 36 Ill App2d 351, 184 NE2d 633 (1962), it was held that the trial court could not grant leave to amend a pleading after notice of appeal was filed by an adverse party. See also First Federal Savings & Loan v. American Nat. Bank, 100 Ill App2d 460, 241 NE2d 615 (1968). Furthermore, a trial court is without jurisdiction to consider post-trial motions after a notice of appeal is filed, People v. Brigham, 47 Ill App2d 444, 198 NE2d 106 (1964). Another example is Dunwoody & Co. v. Washington, 315 Ill App 54, 42 NE2d 113 (1942), where it was error to allow a nunc pro tunc amendment of a judgment, after notice of appeal, in order to justify the issuance of a body execution on that judgment. The above decisions are examples of the type of post-appeal trial court proceedings which result in substantive changes. Reviewing courts should not consider such changes which are in effect making the suit a "new case."

■ On the other hand, the case of Arndt v. Arndt, 331 Ill App 85, 72 NE2d 718 (1947), illustrates an exception to the general rule. In Arndt, the trial court was considered the tribunal with jurisdiction to consider a question of fixing attorney's fees despite an intervening appeal. The Arndt decision states, at pages 93–94:

> "The general rule that a case leaves the jurisdiction of the trial court when an appeal is perfected is not impinged by holding that purely collateral or *supplemental* matters are left under the control of the trial court, notwithstanding the loss of jurisdiction over the case taken to the higher court."

Other recognized exceptions are the setting of appropriate bonds, the supervision of the record and approval

thereof, and other supplemental matters. 53 Ill Bar Journal 30 (1964).

Defendants rely heavily upon Brehm v. Piotrowski, 409 Ill 87, 98 NE2d 725 (1951), where a chancellor had denied plaintiffs' motion to amend the complaint nunc pro tunc, where motion was made after the plaintiffs had filed a notice of appeal from the dismissal of their complaint. In Brehm plaintiffs had relied upon the wrong contract in their suit for specific performance. The amendment was denied. If granted, plaintiffs would have pleaded another contract that apparently was the true agreement of the parties. The reviewing court held that with the filing of the notice of appeal the trial court was without jurisdiction to alter the pleadings. We believe this case comports with the above rationale that prohibits any change of substance by the trial court following a notice of appeal in that case.

■ Thus, the question is: What type of change are we dealing with in the instant case? Plaintiffs argue that this is an inadvertent omission and relies upon Supreme Court Rule 329, which provides in part:

> "The record in appeal shall be taken as true and correct unless shown to be otherwise and corrected in a manner permitted by this rule. Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court, either before or after the record is transmitted to the reviewing court, or by the reviewing court. Any controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth. (Ill Rev Stats, c 110A, § 329 (1969))."

Clearly, this provision gives the trial court some post-appeal jurisdiction as an exception to the general rule that eliminates trial court jurisdiction after notice of appeal. Generally, an amendment of the record on appeal must be proved by some memorial "from the records or quasi-records of the court, or by the judge's minutes, or by the papers on file in the cause . . . [T]he record

must show the basis upon which the amendment or correction is made." People v. Miller, 365 Ill 56, 58–9, 5 NE 2d 458 (1936).

■ Our analysis of the record in the instant case discloses these salient facts: Suit was commenced and relief was sought by both Southland and Karey; defendants referred to both plaintiffs in answering the mandamus petition; motions for summary judgment were made by both plaintiffs; the argument on the motion shows that neither the trial court nor the litigants differentiated between the two plaintiffs; and other indications of record show that the defendants understood that both plaintiffs sought relief in the suit. This record contains adequate material to prove the necessity for an amendment. We are of the opinion that there was substantial proof which justified the trial court's amendment of the record. Therefore, we believe the trial court acted properly under Rule 329 and the authorities discussed above. This was not a change of substance that would present a "new case" to this court from the matter that was appealed by defendants.

■ Defendants have also contended that the trial court's action violated the principle of section 72 of the Civil Practice Act (Ill Rev Stats, c 110, § 72, 1969), because plaintiffs failed to comply with certain procedural requirements. This argument is not in point. The plaintiffs did not seek post-judgment relief from the order of August 25, 1969; they did not allege that facts existed that would have prevented rendition of the judgment or to show a defense to the order entered. It appears that the trial court granted the amendment to conform the record to the truth. Our agreement with that contention indicates that this argument is without merit.

■■ Further, defendants contend that the nunc pro tunc amendment of October 2, 1969, was "to supply an omission to make an order" whereas, the purpose of a nunc pro tunc order is "to supply some omission in the record of an order which was really made but omitted from the record." People v. Rosenwald, 266 Ill 548, 554, 107 NE 854 (1915). We are in agreement with that rule of law. However, from our conclusion that the trial

court acted properly under Rule 329 and our examination of the record, we are of the opinion that the record was properly amended to include Southland as the order of August 25, 1969 was intended to give relief to both plaintiffs.

■ Finally, defendants contend that the inclusion of Southland was sought only to comply with the Village ordinance involved. Thus, defendants state that plaintiffs should have attached a copy of the ordinance to their complaint, pursuant to Section 36 of the Civil Practice Act (Ill Rev Stats, c 110, § 36, 1969). This contention is not substantiated from the record and was not raised in the trial court. Accordingly, this contention will not be considered by this court.

■ ■ The defendants remaining contentions deal with the propriety of the trial court's grant of summary judgment. In view of our decision on the first issue, we will consider this question with regard to both Southland and Karey. With regard to this contention, the case of Lumbermen's Mut. Cas. Co. v. Poths, 104 Ill App2d 80, 243 NE2d 40 (1968) contains an excellent summary of the nature, purpose and propriety of the summary judgment procedure at page 88:

> "Section 57 provides that a summary judgment should be rendered if the pleadings, depositions and admissions on file, together with affidavits, if any, 'show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment or decree as a matter of law.'

> "Courts have construed this section to mean that in determining if there is a genuine issue as to any material fact, inferences may be drawn from the facts which are not in dispute, and if fair-minded persons could draw different inferences from these facts then a triable issue exists. Ruby v. Wayman, supra, 700, 701; Peirce v. Conant, 47 Ill App2d 294, 300, 198 NE2d 555 (1964).

> "In making the above determination on a motion for summary judgment, the court must construe the pleadings, depositions and affidavits most strictly

against the moving party and most liberally in favor of the opponent. . . . A summary judgment should then be granted where the moving party's right thereto is clear and free from doubt."

With these principles in mind we must first determine if any material issue of facts existed between the litigants.

■ Plaintiffs have maintained that the only issue formed by the pleadings was whether or not the defendants had a duty under the Village ordinance, to supply water and sewer services to the plaintiffs' property by means of a connection to an existing system. In strictly construing the pleadings against the plaintiffs, we are of the opinion that material issues of fact existed between these parties. The petition alleged that Southland was the owner and Bernard Karey the contract purchaser of certain real estate. The defendants' answer neither admitted nor denied this allegation since they had no direct knowledge of these facts. This assertion by the plaintiffs would require proof of the facts concerning that issue. Furthermore, the plaintiffs' petition alleged that their application to connect to the water and sewer system had been "duly and properly made." The defendants' answer admitted that an application had been made and then stated that they "deny any other inference contained in said paragraph." Defendants argue correctly that an issue of fact was formed as to whether the plaintiffs made a proper application for the connection of services. It would be incumbent upon plaintiffs to submit proof in that regard. We think this was a material issue of fact. Without proof of a proper application made by the plaintiffs, there could be no argument as to whether the defendants had a duty to supply water and sewer services under the relevant ordinance.

Therefore, we are of the opinion that the trial court improperly granted summary judgment for the plaintiffs due to the material issues of fact that exist from the pleadings. We will not comment on the remaining issues since the matter will be remanded to the trial court for further proceedings.

The judgment of the Circuit Court of Cook County is affirmed in part, reversed in part and remanded to the trial court.

Judgment affirmed in part, reversed in part and remanded with directions.

BURMAN, P. J. and MURPHY, J., concur.