THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EVERETT HAYNES *et al.*, Defendants-Appellants.

(No. 71-177;

Fifth District—May 9, 1972.

Earle McCaskill, of East St. Louis, for appellants.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Both defendants entered pleas of not guilty to two separate indictments charging them jointly with the crime of theft of property having a value exceeding $150. Subsequently, defendants withdrew their pleas of not guilty and pleaded guilty to one charge, the State then dismissing the other charge as to both defendants. Oral applications for probation were received and referred to the Probation Officer.

On July 7, 1971, hearing was held on the applications for probation. At the conclusion thereof, both defendants were placed on probation for a period of five years with one of the conditions of probation being confinement to the Illinois State Farm at Vandalia, the first year of probation.

■■ Two issues have been raised by the defendants in this appeal. The first is whether the trial court erred in denying the defendants' motion to withdraw their pleas of guilty and enter pleas of not guilty. The record is silent as to any effort by the defendants to withdraw their pleas of guilty and substitute pleas of not guilty. The only indication that such motion was made is an affidavit of the defendants' attorney that has been included in the abstract filed with this court. We find such affidavit insufficient to comply with Supreme Court Rule 329, and that accordingly no appealable issue with reference to change of plea is properly presented to this court.

The second question is whether a jail sentence was warranted as a condition of probation.

The record reveals that defendant Haynes was 21 years old at the time of the offense. He was single, residing with his mother, a younger brother and a younger sister. He was a high school graduate and regularly employed at the time of the offense. He had no prior record.

Defendant Lewis was 25 years old at the time of the offense. He resided with his wife and three children and mother and father. Lewis was a high school graduate, and, at the time of the offense, steadily employed. He had no prior record at the time of the offense.

The indictment charged the theft of an automobile. Both defendants were arrested without incident, at a private garage in which the stolen vehicle was found, partially stripped.

■■ This Court's decision in *People v. Hogue* (1971), 1 Ill.App.3d

881, 275 N.E.2d 193, has set forth the principles involved in reviewing the sentence of the trial court, and there we pointed out:

"The purpose of modern-day penology is the rehabilitation of the offender. That sentence which has the greatest potential of restoring the offender to a useful and productive place in society while at the same time adequately punishing the offender for his misconduct and safeguarding the public from further offenses is the one which should be imposed.

This court has set forth those elements with which a determination of the severity of the sentence and the likelihood of rehabilitation can be made. Among the factors which should be considered are youth, lack of violence, good family relations, steady employment and previous criminal record. *People v. Moore* (Ill.App.), 272 N.E.2d 270; *People v. Umphers* (Ill.App.), 272 N.E.2d 278."

■■ This record does not disclose these defendants to be a menace to society, inclined to violence. Incarceration of one year will deprive them and society of their gainful employment and the support of their families; it will only result in complications with reference to their rehabilitation, and jeopardizes the possibility of the continuance of their usefulness to themselves and the community. Probationary supervision while they are gainfully employed and supporting themselves and their families is to their best interest and the better interests of society. It appears that the ends of justice are best served by a modification of the sentence. Therefore, the judgment of conviction is affirmed, but the order of probation is amended by reversing and eliminating that part of the order which directs the imprisonment of defendants to the Illinois State Farm at Vandalia for one year; as amended the order of probation is affirmed.

Judgment affirmed, order of probation affirmed in part and reversed in part.

G. MORAN, P. J., and JONES, J., concur.