Joseph D. Foreman & Company, Plaintiff-Appellee, *v.* Mike Neri, Defendant-Appellant.

(No. 55267;

First District—June 20, 1972.

Albert L. Finston, of Chicago, (Sidney Z. Karasik, of counsel,) for appellant.

James J. Cronin, of Chicago, for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal is from a judgment entered in a suit to recover the balance due on goods and merchandise. Plaintiff-appellee, Joseph D. Foreman & Company (hereafter called plaintiff), sued defendant-appellant Mike Neri (hereafter called defendant), alleging that defendant owed plaintiff $3,468.79 "[f]or goods and merchandise sold to the defendant by the plaintiff at defendant's insistence and request." Defendant answered, denying he was "[i]ndebted to the plaintiff * * * in any amount whatsoever * * *."

The case came for trial. Jury was waived. Two witnesses testified. They were the persons involved in the transaction: Joseph D. Foreman (plaintiff's president, who was also salesman of the goods and merchandise) and defendant. It was plaintiff's theory that defendant was the buyer of its goods and merchandise. It was defendant's contention that Neri Brothers, Incorporated was the buyer. After hearing the two witnesses, the trial judge found for the defendant.

Plaintiff then filed a post-trial motion praying that the judgment in favor of defendant be vacated, one in its favor be entered, or in the alternative, that a new trial be granted because there was no evidence that when plaintiff dealt with defendant, it knew he was acting as an agent. After taking the motion under advisement, and "[u]pon reconsideration * * * following examination of the transcript of the testimony and the report of proceedings * * *," the court granted the motion, vacated the judgment, found the issues in favor of plaintiff and entered judgment that it recover from defendant the sum of $3,468.79.

Defendant then filed a post-trial motion praying that the judgment for plaintiff be vacated, one in his favor be entered, or in the alternative, that a new trial be granted because there was no evidence that plaintiff dealt with defendant as an individual. The evidence, defendant alleged, established that "[p]laintiff was at all times dealing with a corporate body known as 'Neri Bros.'" The motion was denied. Defendant filed his notice of appeal. A short time later, he filed a "motion to supplement the record" with the photocopy of a $600 check that Neri Brothers, Incorporated gave plaintiff during the time the goods and merchandise were sold. Defendant claimed that this check proved plaintiff knew it was dealing with a corporation. The motion was denied.

Two issues are presented for review. (1) Whether the evidence sup-

ports the trial court's finding that plaintiff sold its goods and merchandise to defendant as an individual and not to Neri Brothers, Incorporated. (2) Whether the trial court erred in refusing to supplement the record with the tendered cancelled check, a document which supported defendant's claim that plaintiff dealt with a corporate entity and not with defendant as an individual.

On the first issue, defendant contends the evidence does not support the finding that he, not Neri Brothers, Incorporated, was the buyer of plaintiff's goods and merchandise. Joseph D. Foreman testified that during the period in question he represented plaintiff in doing business with defendant. He denied that plaintiff dealt with Neri Brothers, Incorporated. "[O]ur firm, sold materials to Mike Neri, water works materials, pipes, fittings, valves and hydrants * * *." 23 invoices were sent to defendant at his home, the place where he also maintained his office. However, with possibly two exceptions, the invoices were sent to "Neri Bros." Each invoice billed "Neri Bros." In some instances, an invoice contained the name of the contractor of the job where the goods and merchandise were delivered.

Defendant, on the other hand, testified that it was "[a]s Neri Bros., Inc. [that he had] dealings with the plaintiff." In fact, a payment on account was made to the plaintiff by a check of the corporation. Neri Brothers, Incorporated was organized in 1964. Defendant said that his brother Corri was the other "member" of the corporation. The two of them did business under the corporate name. It was the corporation that contracted to do the work at the job where plaintiff delivered its goods and merchandise. The purchase agreement was oral. When asked to tell about the agreement, defendant testified that he said to plaintiff's president, "[M]r. Foreman, I'm guy do the work. When I get paid, I get my money, you get your money." According to defendant, Foreman replied, "Okay, fine, because we do it before and it work out good (sic)."

Obviously, the trial judge was presented with an irreconcilable conflict in the testimony. According to plaintiff's witness, defendant was the buyer of plaintiff's goods and merchandise. According to defendant, the buyer was Neri Brothers, Incorporated. From this conflicting testimony, the trial judge had to decide who, under the circumstances, was the buyer. This was a question of fact. (*O'Connor v. Bradford* (1957), 94 Ga.App. 852, 96 S.E.2d 511; 77 C.J.S. Sales § 12.) More particularly, the judge had to decide whether defendant was the real party behind the transaction. This also was a question of fact. *Level v. Chadbourne*, 99 Ill.App. 171, 173; compare *Hood v. Laubenheimer*, 174 Ill.App. 62; see *Pirek v. Scott*, 206 Ill.App. 44 (abstr.); *Cable Lumber Co. v. Mack*, 210 Ill.App. 151 (abstr.).

Understandably, deciding these questions of fact was not easy. This is seen from the trial judge's first ruling: it was in defendant's favor. Then, after examining the report of proceedings, the judge vacated that ruling. Evidently, the trial judge, as we are, was persuaded that defendant's testimony: "I dealt with Joseph D. Foreman & Company" and "I say, 'Mr. Foreman, I'm the guy do the work. When I get paid, I get my money, you get your money'," coupled with other evidence in the record, compelled the finding that plaintiff sold its goods and merchandise to defendant and not to Neri Brothers, Incorporated.

■■ It is well established that we will not disturb a finding of the trial court unless it is manifestly against the weight of the evidence. (*Porterfield v. Truck Insurance Exchange*, 28 Ill.App.2d 195, 171 N.E.2d 108; *Taylor v. Monroe*, 61 Ill.App.2d 118, 208 N.E.2d 845 (abstr.).) Although it was his burden, *Croft v. Lamkin*, 112 Ill.App.2d 321, 251 N.E.2d 88, defendant has not shown that the finding in question is manifestly against the weight of the evidence.

On the second issue, defendant contends that it was an abuse of judicial discretion for the trial judge to deny the motion by which he sought to supplement the record with a cancelled check of Neri Brothers, Incorporated. This check, defendant argues, supported his claim that plaintiff dealt with a corporation, not with him as an individual. The motion, defendant contends, properly invoked Supreme Court Rule 329.[1]

■■ We do not agree with this conclusion. At the trial, defendant testified that a payment on account was made to the plaintiff with a check of Neri Brothers, Incorporated. No check was introduced into evidence. The record contains no reference, omission or inaccuracy concerning a check. As a result, this is not an instance in which the record discloses a material omission or inaccuracy. (See *Southland Corp. v. Village of Hoffman Estates*, 130 Ill.App.2d 311, 264 N.E.2d 451.) A record cannot be supplemented, amended or corrected without it containing a basis for the supplement, amendment or correction. (See *People v. Miller*, 365

---

[1] Ill. Rev. Stat. 1969, ch. 110A, par. 329 (Supreme Court Rule 329). "Amendment of Record on Appeal

The record on appeal shall be taken as true and correct unless shown to be otherwise and corrected in a manner permitted by this rule. Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court, either before or after the record is transmitted to the reviewing court, or by the reviewing court. Any controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth. If the record is insufficient to present fully and fairly the questions involved, the requisite portions may be supplied at the cost of the appellant. If necessary, a supplemental record may be certified and transmitted."

Ill. 56, 5 N.E.2d 458.) In this case, there was no basis for the motion to supplement the record. Therefore, its denial was not an abuse of judicial discretion. We affirm the judgment.

Judgment affirmed.

STAMOS, P. J., and SCHWARTZ, J., concur.