*In re* APPLICATION OF THE COUNTY COLLECTOR—(ELMWOOD PROPERTIES, INC., Petitioner-Appellee, *v.* RICHARD E. ANDREWS, Respondent-Appellant.)

(No. 58646; ■■■■■■)

First District (3rd Division)—March 7, 1974.

Kenneth N. Flaxman, of Chicago, and Manly R. Croft, of Hoy, Oddo, Kueia & Croft, of Oak Park, for appellant.

Allan L. Blair, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Respondent, Richard E. Andrews, appeals from an order of the circuit court of Cook County directing the issuance of a tax deed for respondent's real estate to the petitioner, Elmwood Properties, Inc. The real estate in question was respondent's personal residence and is located at 912 Wenonah Avenue in the village of Oak Park. On February 16, 1970, First Lien Company, petitioner's assignor, paid into the Cook County clerk's office $194.44, the amount of respondent's unpaid 1968 general real estate tax, and received a certificate of purchase for the property. When respondent failed to redeem his property during an extended redemption period, petitioner requested a court order mandating the issuance of the deed. Pursuant to section 266 of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, par. 747), the court conducted a hearing to determine if petitioner and its assignor had fulfilled the statutory prerequisites entitling it to the requested relief. Respondent was represented by counsel at the hearing. On November 14, 1972, the trial court, at the conclusion of the hearing, issued an order in petitioner's favor. Respondent filed a timely notice of appeal. A brief recitation of what transpired thereafter is necessary to understand the present issues on appeal.

Respondent filed his brief in this court contending that the trial court erred in finding that respondent had been served with proper notice; in holding that petitioner had proven payment of all subsequent taxes imposed on the property; in determining that respondent was not entitled to the remedial relief afforded by statute; and in upholding the constitutionality of the statute relating to the issuance of tax deeds. After respondent filed his brief in this court claiming the above errors, petitioner, on September 28, 1973, returned to the trial court and requested an order, pursuant to Supreme Court Rule 329, correcting the record. In its petition making that request, petitioner recited that: "The record in this cause fails to reflect admission of [petitioner's] Exhibit 14 (evidence of payment of subsequent taxes) into evidence." On October 16, 1973, the trial court, over respondent's objections, granted petitioner's request and entered an order reciting that petitioner's exhibit evidencing payment of subsequent taxes had been introduced into evidence.

At the original hearing, much of the testimony dealt with the issue of whether respondent had received proper service of the necessary notices. The trial court heard the conflicting testimony of petitioner's private process server and of respondent on the question, and it determined that respondent had been served with notice.

At one point in the hearing, petitioner's counsel stated to the court that he "would like to submit evidence of payment of the subsequent taxes." Respondent's counsel immediately objected, not claiming that the subsequent taxes had not been paid, but contending that the provisions of

a recently enacted statute (Ill. Rev. Stat. 1971, ch. 120, par. 734), extending the time respondent could redeem his property to 30 days after the tax deed hearing, applied to the present case. Respondent's counsel further argued that he was ready to pay the deficiency and proof on the issue of payment of subsequent taxes was immaterial. The trial court overruled the objection on the basis of its interpretation of the statute in question and told petitioner to "submit what evidence you have." At this point the trial judge and respondent's counsel renewed their discussion on respondent's tender of payment. The discussion was terminated when petitioner's counsel received permission to introduce into evidence, without objection from respondent, other documents unrelated to the payment of subsequent taxes. The record is completely silent, however, as to the introduction and admission into evidence of Petitioner's Exhibit 14 for Identification, purporting to be proof of petitioner's payment of subsequent years' taxes on the property in question.

We shall consider initially respondent's contention that petitioner failed to prove at the tax deed hearing that it had paid the subsequent taxes.

Under section 266 of the Revenue Act, a party seeking a tax deed must prove at the tax deed hearing, among other prerequisites, that all taxes and special assessments due and payable subsequent to the sale have been paid.

■■ Prior to the 1951 amendments to this section of the Revenue Act, the issuance of a tax deed was a purely ministerial function of the county clerk, whose chief responsibility relating to this duty was to determine if statutory notice had been given to the necessary parties and if the redemption period had expired. The passage of the amendments, however, thrust the judiciary into the procedures and ordained that the courts weigh the evidence adduced at a hearing to determine compliance with the statutory framework. (See *Cherin v. R. & C. Co.* (1957), 11 Ill.2d 447, 143 N.E.2d 235.) The court must closely scrutinize the record to determine compliance by the petitioner with the conditions set forth in section 266. (*Farlow v. Oliver* (1963), 29 Ill.2d 493, 194 N.E.2d 262.) The construction favoring the validity of tax deeds once they have been issued is not synonomous with the disregard of statutory procedure prior to their issuance. *Dick v. Mitchell* (1968), 103 Ill.App.2d 93, 242 N.E.2d 785.

■■ When viewed in this context, the only reasonable and legitimate inference one can draw from studying the present record is that the petitioner did not properly prove at the hearing payment of subsequent years' taxes, and therefore the trial court incorrectly entered an order directing the issuance of a tax deed to petitioner. Although petitioner's counsel told the court that he would like to submit evidence showing

payment, and despite the fact that the court responded that petitioner could do so, the record reveals that no documents pertaining to the payment of subsequent taxes were introduced into evidence. Rather, the record indicates that petitioner introduced documents having nothing to do with such payment. To say that petitioner must strictly comply with statutory prerequisites does not necessarily demand that it act with absolute perfection. It likewise does not denote that this court will overlook non-compliance and that we will restructure the statutory scheme under the pretext of judicial construction. Indeed, petitioner's request to the trial court for a correction subsequent to the filing of respondent's brief in this court appears to be a recognition that the record did not disclose that petitioner had proved payment of taxes for the years after the sale.

The petitioner argues, however, that the record's failure to disclose the introduction into evidence of its exhibit was an inadvertent omission by the court reporter and that the trial court's post-trial order correcting the record, pursuant to its power under Supreme Court Rule 329 (Ill. Rev. Stat. 1971, ch. 110A, par. 329), rectified the mistake and fulfilled petitioner's statutory duty. In rejecting petitioner's claim, we deem it unnecessary to consider respondent's suggestion that Rule 329 should never be applied to tax deed proceedings. Supreme Court Rule 329 reads in relevant part as follows:

> "The record on appeal shall be taken as true and correct unless shown to be otherwise and corrected in a manner permitted by this rule. Material omissions or inaccuracies * * * may be corrected by stipulation of the parties or by the trial court, either before or after the record is transmitted to the reviewing court * * *."

The general rule that the filing of notice of appeal abates the trial court of further jurisdiction in a case and correlatively establishes exclusive jurisdiction in the court of review admits of certain exceptions. Hence, it has been held that a purely collateral or supplemental matter will not deprive the trial court of authority to handle it, but when the proposed correction or amendment would remedy a defect of substance so as to create a new case, the line has been crossed, and the trial court is denied the power to grant the requested relief. (*Southland Corp. v. Village of Hoffman Estates* (1970), 130 Ill.App.2d 311, 264 N.E.2d 451.) Both before and after the adoption of Rule 329, courts have required that the record disclose the basis upon which the amendment or correction is made. (*People v. Miller* (1936), 365 Ill. 56, 5 N.E.2d 458; *Joseph D. Foreman & Co. v. Neri* (1972), 6 Ill.App.3d 313, 285 N.E.2d 528.) Yet in the instant case the record does not afford any basis whatsoever for

the trial court's action. (Compare *Southland Corp. v. Village of Hoffman Estates, supra.*) We are unable to say whether petitioner actually introduced this essential exhibit or whether it failed to do so. Identification of an exhibit does not mean automatic introduction into evidence, because once an exhibit has been marked for identification, the moving party must lay proper foundations to surmount hearsay, authentication, and best evidence problems. Moreover, it is clear that to amend a record after trial or hearing more than oral testimony or proof of mistake is necessary. The proof must be underlined by the production of some note or memorandum either from the records of the court, or by the minutes of the judge, or by the documents on file in the cause, not by the memory of witnesses, the recollection of the judge, or by supporting affidavits. (*People v. Miller, supra; People v. Okulczyk* (1951), 410 Ill. 115, 101 N.E.2d 529, *cert. denied* (1952), 342 U.S. 907; *People v. Townsend* (1972), 5 Ill.App.2d 924, 284 N.E.2d 414.) The order in the present case correcting the record of the hearing merely recited that the trial judge "consulted" his personal log of the proceedings. We do not believe that such a recital satisfies the requirements of the above holdings, and the attempt to remedy the defective hearing must fail.

We conclude that the petitioner failed to prove one of the prerequisites necessary to obtain a tax deed: that it had paid the taxes for the years subsequent to the sale. In so holding, we are not advocating a hypertechnical construction of tax deed proceedings. The law states that before a person can lose a home for a tax deficiency certain prerequisites must be strictly followed, and it does not provide that speculation may substitute for proof.

Because of our view on this issue, we need not consider the additional contentions advanced by respondent.

For the reasons stated, the judgment order of the circuit court of Cook County is reversed.

Order reversed.

McGLOON and MEJDA, JJ., concur.