THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM WALKER, Defendant-Appellant.

(No. 73-132;

Third District—July 18, 1974.

Vincent P. Paulauskis, of Bissonnette, Nutting, Thacker & Sacks, of Kankakee, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant was issued a traffic ticket charging him with reckless driving in violation of section 11—503 of the Illinois Vehicle Code. Prior to trial he attacked the sufficiency of the complaint on the grounds that the complaint failed to charge him with an offense and failed to set forth any facts that would adequately inform him of the nature and elements of the offense charged, in violation of section 111—3(a)(3) of the Criminal Code. His motion was overruled and after a trial he was convicted. He then made a motion in arrest of judgment again attacking the sufficiency of the complaint as before. His motion was overruled and he was fined $35. He appeals.

The form of complaint used in this case was the Illinois Uniform Traffic Ticket and Complaint, adopted by Supreme Court Rule 552; it charged: "That on Jan. 23, 1973 at 4:25 P.M., defendant did unlawfully operate a 1967 Chevrolet, license number WL 3456 (1973) upon a public highway at 17 WB and N. Fairmont Ave. in Kankakee, Illinois and did then and there commit the following offense,

> Reckless Driving in violation of Illinois Vehicle Code Sec. 11—503 dry pavement, clear visibility, cross and oncoming traffic on a 4 lane highway in a business area."

Section 111—3(a)(3) provides:

> "(a) A charge shall be in writing and allege the commission of an offense by:
>
>               \*     \*     \*
>
> (3) Setting forth the nature and elements of the offense charged;   \*   \*   \*."

■■ The defendant cites *People v. Griffin*, 36 Ill.2d 430, 434, which requires that the charge of reckless driving state the "nature and elements" of the offense, in the sense of the particular acts relied upon. "The require-

ment is not burdensome, for the prosecution must know the specific conduct it proposes to prove." The court pointed out that the charge of reckless driving might include a multitude of different acts; running through a succession of red lights; driving at an excessive rate of speed; driving on the wrong side of the road, etc. It is essential in such charge that the defendant be advised as to the particular acts that comprised the offense.

■■ It is obvious that the complaint in the instant case does not, in any way set forth the particular acts that may have made up the offense sought to be charged. We conclude that the complaint was not sufficient to advise the defendant of the precise offense of which he was accused and that, therefore, his motions were improperly denied. *People v. Green,* 368 Ill. 242.

■■ The State has contended that the Criminal Code has no application to the Illinois Uniform Traffic Ticket and Complaint because Supreme Court Rule 552 expressly provides for the use of traffic tickets as the form of complaint. The penalty for reckless driving provides, "(b) Every person convicted of reckless driving shall be guilty of a Class B misdemeanor." (Ill. Rev. Stat., ch. 95½, par. 11—503(b).) A Class B misdemeanor provides for a sentence for not more than 6 months (Ill. Rev. Stat., ch. 38, par. 1005—8—3(a)(2)), and or a fine not to exceed $500 (Ill. Rev. Stat., ch. 38, par. 1005—9—1). With such possible penalties there should be no doubt that a crime is involved.

We do not in any way mean to imply that reckless driving cannot be charged by means of the Uniform Traffic Ticket and Complaint. We are simply saying that it was not done in the instant case. In a very recent case, *People v. Burch,* 19 Ill.App.3d 360, 311 N.E.2d 410, the exact issue was raised. In that case the arresting officer indicated by filling in appropriate blanks and spaces appearing on the ticket, that the defendant had passed three cars in a reckless manner while on a residential two-lane highway with oncoming traffic. The court held, and we would agree, that the complaint specifically denominated the reckless conduct alleged to have been performed by the defendant.

For reasons given the judgment of the trial court will be reversed.

Reversed.

SCOTT, P. J., and ALLOY, J., concur.