THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT GLINES, Defendant-Appellant.

(No. 74-271;

Third District—December 16, 1975.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Patrick Corcoran, State's Attorney, of Carthage (F. Stewart Merdian and James E. Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After separate bench trials at which defendant, Robert Glines, appeared *pro se*, he was found guilty of unrelated charges of driving while under the influence of intoxicating liquor and battery. On July 7, 1973, he was sentenced by the circuit court of Hancock County to 364 days at the Illinois State Farm at Vandalia on each conviction, the sentences to run concurrently.

On the separate charge of battery no court reporter was present at any of the proceedings and the proceedings are memorialized by the docket sheet. With reference to this charge and conviction defendant urges the record fails to demonstrate he properly waived his right to counsel and his right to trial by jury. The People concede the merits of defendant's claim on this charge with regard to the waiver of counsel and consequently this conviction will not be further discussed in this opinion.

With respect to the second charge, namely, driving while under the influence of intoxicating liquor, there was likewise no court reporter present and the proceedings are memorialized only by a docket sheet. The docket sheet concludes Glines waived representation by counsel and trial by jury. After a bench trial he was found guilty and on July 8, 1974, sentenced to 364 days' incarceration at the Illinois State Farm at Vandalia. On this appeal defendant urges the entries on the docket sheet are insufficient to indicate he knowingly and voluntarily waived his rights to counsel and to trial by jury.

This case was decided prior to the amendment of the Supreme Court Rules requiring verbatim transcripts in misdemeanor proceedings wherein the defendant waives certain constitutional rights with respect to the trial of the offense with which he is charged. Where the claim is made that such rights were not waived it has been held that in the absence of a verbatim transcript the defendant is required to supply a bystander's report in order that a proper consideration can be given by a court of review to the issue of waiver. (*People v. Hopping*, 60 Ill.2d 246, 326 N.E.2d 395; *People v. Long*, 27 Ill.App.3d 457, 326 N.E.2d 204.) The decision in *People v. Hopping* was handed down after the decision in *People v. Dovin*, 19 Ill.App.3d 481, 311 N.E.2d 730, and consequently, we believe the *Dovin* case offers no support for defendant's claim that the waiver issue may be considered even in the absence of any account of the proceedings which took place at the time of the record entries.

For the foregoing reasons the judgment of conviction by the circuit court of Hancock County with regard to the offense of battery is reversed and remanded for further proceedings. The judgment of conviction by the circuit court of Hancock County with respect to the offense of driving while under the influence of intoxicating liquor is affirmed.

Judgment affirmed in part, reversed in part and remanded.

ALLOY and BARRY, JJ., concur.