THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARMON R. CHITWOOD, Defendant-Appellant.

Fifth District   No. 75-431

Opinion filed October 7, 1976.

KARNS, P. J., dissenting.

Stephen P. Hurley and Ann Hilbert Blandford, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Philip C. Quindry, State's Attorney, of Albion (Bruce D. Irish, of Illinois State's Attorneys Association, and Richard Faught, law student, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant, Carmon R. Chitwood, was tried before the Circuit Court of Edwards County on a charge of reckless driving. After a bench trial, he was convicted and sentenced to six months periodic imprisonment. Defendant contends, for the first time on appeal, that the complaint upon which he was tried and convicted was insufficient because it failed to set forth the nature and elements of the offense charged, as required by section 111—3(a)(3) of the Code of Criminal Procedure. Ill. Rev. Stat. 1975, ch. 38, par. 111—3(a)(3).

Defendant was charged on an "Illinois Uniform Traffic Ticket and Complaint," provided for in Supreme Court Rule 552. (Ill. Rev. Stat. 1975, ch. 110A, par. 552.) The uniform traffic ticket is a preprinted form which provides inadequate space for stating the nature and elements of the offense charged. The common practice, therefore, is to charge the offense by name and statutory citation only. In line with this common practice, the ticket issued to defendant merely charged him with "reckless driving" in violation of section 11—503 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—503) and stated the time and location of the alleged offense.

■■ The United States and Illinois constitutions both afford a criminal defendant the right to be informed of the nature and cause of the accusation against him (U.S. Const., amend. VI; Ill. Const., art. I, §8). The

purpose of this guarantee is to allow defendant to prepare his defense and to plead a subsequent judgment as a bar to future prosecution arising out of the same conduct. (*People v. Griffin*, 36 Ill. 2d 430, 223 N.E.2d 158 (1967).) Section 111—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—3) was enacted to insure the accomplishment of this purpose. It provides that:

> "(a) A charge shall be in writing and allege the commission of an offense by:
>
>> (1) Stating the name of the offense;
>>
>> (2) Citing the statutory provision alleged to have been violated;
>>
>> (3) Setting forth the nature and elements of the offense charged;
>>
>> (4) Stating the date and county of the offense as definitely as can be done; and
>>
>> (5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty."

The ticket issued to defendant clearly failed to comply with section 111—3(a)(3). If defendant had raised this defect in the trial court, reversal of his conviction would now be required. (*People v. Walker*, 20 Ill. App. 3d 1029, 314 N.E.2d 641 (1974).) In *People v. Tammen*, 40 Ill. 2d 76, 237 N.E.2d 517 (1968), however, the Illinois Supreme Court held that a conviction based on a uniform traffic ticket, *when attacked for the first time on appeal*, will not be set aside for failure to comply with section 111—3(a)(3). In reaching this decision, the court reasoned that:

> "Inasmuch as the Uniform Traffic Ticket is only used for misdemeanors, is written by an arresting officer rather than a State's Attorney and is generally written at the time the offense is committed, we believe that naming the offense and citing it is sufficient and will generally be understood by the person charged. Under section 111—6 (Ill. Rev. Stat. 1967, chap. 38, par. 111—6) the accused may request a bill of particulars which will enable him 'to prepare his defense.' " 40 Ill. 2d 76, 78-79, 237 N.E.2d 517, 518-19.

The Supreme Court has recently held that an information or indictment which does not comply precisely with section 111—3 is sufficient, when attacked for the first time on appeal, if it allows the defendant to prepare his defense and to plead a resulting judgment as a bar to future prosecution arising out of the same conduct. (*People v. Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456 (1976); *People v. Pujoue*, 61 Ill. 2d 335, 335 N.E.2d 437 (1975).) These decisions demonstrate the Supreme Court's continued

reluctance to void a charging instrument on review where the alleged deficiency has not been raised in the trial court. They also persuade us that *Tammen* remains a correct statement of the law.

■■ In *People v. Ryant*, 41 Ill. App. 3d 273, 354 N.E.2d 395, we relied upon *Tammen* in upholding the sufficiency of a uniform traffic ticket against the argument that it failed to comply with section 111—3(a)(3). We reach the same result in the instant case.

Defendant also argues that because the record on appeal is silent as to jury waiver, the cause must be reversed and remanded. (Ill. Rev. Stat. 1975, ch. 38, par. 103—6; *People v. Rosen*, 128 Ill. App. 2d 82, 261 N.E.2d 488 (5th Dist. 1970).) The State has not disagreed with defendant's argument on this issue, but has made a motion to supplement the record with an affidavit prepared by the State's Attorney and verified by the trial judge. Relying on this "bystander's report," as the affidavit is styled, the State contends that the complete record shows a valid waiver of jury trial by defendant. We ordered the State's motion to be taken with the case.

Defendant was arraigned on May 6, 1975. A verbatim transcript of the proceeding shows that defendant was informed of his rights, including the right to jury trial; that the court appointed David Frankland as defense counsel; and that the court entered a not guilty plea on defendant's behalf. The verbatim transcript makes no reference whatsoever to a waiver of jury trial by defendant. The next item which appears of record is the transcript of defendant's bench trial, held on May 13, 1975. The verbatim transcript of defendant's arraignment appears, on its face, to be a complete record of everything which occurred in open court on May 6. The thrust of the State's affidavit, however, is that after counsel was appointed for defendant on May 6, defendant and counsel withdrew from open court to confer. A short while later they returned to court, and defendant expressly waived jury trial on the record. Defendant has not objected to the accuracy of the State's affidavit, but contends that it may not properly be allowed to supplement the record. The issue presented for our decision is whether a bystander's report may be used to supplement a verbatim transcript of the report of proceedings.

Supreme Court Rules 323(c) and 329 (Ill. Rev. Stat. 1975, ch. 110A, pars. 323(c), 329), made applicable to criminal appeals through Rule 612 (Ill. Rev. Stat. 1975, ch. 110A, par. 612), provide the only possible justification for adding the State's affidavit to the record on appeal. Rule 323(c) allows the preparation of a bystander's report if no verbatim transcript of the proceeding is available. The rule is inapplicable to the instant case, because a verbatim transcript is included in the record on appeal. *Hartgraves v. Don Cartage Co.*, 63 Ill. 2d 425, 348 N.E.2d 457 (1976).

Rule 329 provides in relevant part:

"Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court, either before or after the record is transmitted to the reviewing court, or by the reviewing court."

The failure to include evidence of a jury waiver is certainly a "material omission," and the broad language of Rule 329 does not preclude, on its face, the use of a bystander's report to supply the omission. A significant limitation of the court's power to correct the record under Rule 329 has, however, been read into the Rule through judicial interpretation.

The most recent statement of the meaning and purpose of Rule 329 is *Hartgraves v. Don Cartage Co.*, 63 Ill. 2d 425, 348 N.E.2d 457 (1976):

"Generally, 'an amendment of the record cannot be made by oral testimony, or from the recollection of the trial judge himself, but must be proved by the production of some note or memorandum from the record or *quasi* records of the court, or by the judge's minutes, or by the papers on file in the cause.' [Citations.] '[a]n amendment of a record cannot be made either from the memory of a witness, from the recollection of the judge himself, or by affidavit, but the record must show the basis upon which the amendment or correction is made.' [Citations.]" 63 Ill. 2d at 425, 428, 348 N.E.2d 457, 458-59.

Many of the cases applying this rule involved attempts by one of the parties to supplement the record with evidence never presented to the trial court (*e.g., Joseph D. Foreman & Co. v. Neri*, 6 Ill. App. 3d 313, 285 N.E.2d 528 (1st Dist. 1972)). The rule, however, is also applied when evidence is introduced in an attempt to supply something which, through mere oversight, was omitted from the original record.

*Woodward v. Ruel*, 355 Ill. 163, 188 N.E. 911 (1933), was decided long before the adoption of Rule 329. It involved a hearing to determine the truthfulness of a certificate filed by a board of local improvements. The certificate stated that a certain improvement had been completed in substantial conformity with the ordinance requiring its construction. The hearing was concluded on January 7, and the court took the case under advisement. Months later, the court entered an order finding the certificate to be sufficient. Appellees argued on appeal that after conclusion of the testimony on January 7, the trial judge stated in open court that the improvement had not been completed in accordance with the provisions of the ordinance and verbally ordered the contractor involved to make certain repairs. Appellees also alleged that the judge did not enter his findings or his order in his docket, nor did the clerk do so upon any record. The Supreme Court refused to allow alteration of the record to reflect the alleged oral statements by the judge, saying that:

"The facts proposed to be incorporated into a record to supply an

omission through some fault, neglect, or oversight cannot be determined from the personal recollection of the judge or other persons, or from *ex parte* affidavits or testimony." 355 Ill. 163, 170, 188 N.E. 911, 913.

*In re Application of County Collector*, 18 Ill. App. 3d 272, 309 N.E.2d 722 (1st Dist. 1974), demonstrates that the principle stated in *Woodward v. Ruel* continues to apply under Rule 329. There the record failed to reflect the admission of a certain exhibit into evidence. After trial, the petitioner sought and was granted an order by the trial court, pursuant to Rule 329, correcting this omission. The trial judge's basis for this order was consultation of his personal log of the proceedings. On review, the court refused to allow correction of the record on this basis.

In *People v. Townsend*, 5 Ill. App. 3d 924, 284 N.E.2d 414 (5th Dist. 1972), defendant appealed his conviction on the ground that his constitutional right to be present at all stages of trial had been violated. The record reflected that a sealed verdict was received without agreement of defendant or his counsel; that the sealed verdict was opened out of the presence of defendant; and that the jury was not present when defendant was advised of the verdict. The State submitted a "Motion to Add to the Record on Appeal," accompanied by certificates from both the trial judge and Assistant State's Attorney to the effect that the jury, defendant, defendant's counsel, Assistant State's Attorney and presiding judge were all present when the verdict was read to defendant. This court refused to grant the State's motion, saying that the record itself must show the basis for amendment or correction.

Defendants argued in *People v. Haynes*, 5 Ill. App. 3d 621, 283 N.E.2d 703 (5th Dist. 1972), that the trial court erred in denying defendants' motion to withdraw guilty pleas. The record did not show that any such motions had been made. Defendants' attorney attempted to supplement the record with his affidavit, showing that the motions had been made and denied. This court once against refused to allow the addition, stating that such an affidavit was insufficient to comply with Rule 329.

■■ In the instant case, the State has attempted to fuse Rules 323(c) and 329 in support of its argument, supportable by neither rule standing alone. The case law clearly indicates that this cannot be done. In order to amend the record to show that defendant waived jury trial at the May 6 proceeding, there must be mention of this fact somewhere in the record itself. We feel that this interpretation of Rule 329 greatly diminishes its effectiveness and frustrates its apparent purpose indicated by a literal reading of the rule. Nevertheless, in *Hartgraves v. Don Cartage Co.*, 63 Ill. 2d 425, 348 N.E.2d 457 (1976), this limitation of the courts' power under Rule 329 was mandated by the Supreme Court. A search of the record in the instant case, which includes a copy of the trial judge's

minutes, makes no mention of a jury waiver. We must, therefore, deny the State's motion to supplement the record with its bystander's report.

If there were no transcript of the arraignment and trial proceedings, we would reach a different result since a verbatim transcript is not constitutionally required in a misdemeanor case. (*People v. Hopping*, 60 Ill. 2d 246, 326 N.E.2d 395 (1975); *People v. Lowe*, 28 Ill. App. 3d 883, 330 N.E.2d 590 (5th Dist. 1975); *People v. Glines*, 33 Ill. App. 3d 910, 338 N.E.2d 592 (3d Dist. 1975).) If a record is provided, however, it must show a valid waiver of jury trial. (*People v. Losacano*, 29 Ill. App. 3d 103, 329 N.E.2d 835 (3d Dist. 1975).) The record in the instant case, aside from the improper bystander's report, fails to show a valid jury waiver. Accordingly, we reverse and remand for a new trial.

Reversed and remanded.

JONES, J., concurs.

Mr. PRESIDING JUSTICE KARNS, dissenting:
Prior to the adoption of Rule 329, the basis for an amendment or correction of the record had to be found in the record itself. This meant that an amendment or correction could be based upon some written memorial from the records or *quasi* records of the court, but not upon the memory of witnesses, the recollection of the judge, or supporting affidavits. (*People v. Okulczyk*, 410 Ill. 115, 101 N.E.2d 529 (1951); *People v. Miller*, 365 Ill. 56, 5 N.E.2d 458 (1936); *Woodward v. Ruel*, 355 Ill. 163, 188 N.E. 911 (1933).) The majority opinion automatically assumes that the court's power to amend or correct the record under Rule 329 is similarly limited. I do not agree with this interpretation of the rule and, therefore, respectfully dissent.

Rule 329 was adopted by the Illinois Supreme Court as part of a complete revision of the rules relating to appellate procedure. It is intended as a "comprehensive liberalization" of the procedure for insuring an accurate and complete record on appeal. (See Ill. Ann. Stat., ch. 110A, par. 329, Committee Comments and Historical and Practice Notes at 105 (Smith-Hurd 1976).) The explicit statement in Rule 329 that, "[m]aterial omissions * * * may be corrected * * *," has no counterpart in the former rules, and should, in my opinion, be interpreted to mean exactly what it says. Nevertheless, many decisions have ignored the plain language of Rule 329 and continued to require a memorial in the record as the basis for correcting material omissions. This has the anomalous effect of allowing the correction of a material omission only if the "omission" already appears somewhere in the record. Such a construction, rendering a portion of Rule 329 superfluous and of no meaning, should be avoided. *People v. Redmond*, 59 Ill. 2d 328, 320 N.E.2d 321 (1974).

I agree with the interpretation of Rule 329 which was employed in *People v. Pickett*, 35 Ill. App. 3d 909, 342 N.E.2d 766 (1st Dist. 1976). In the *Pickett* case, a severe storm prevented one of the jurors from attending the last day of trial, and an alternate juror was used in his place. The original record on appeal contained no reference to this substitution or to an in-chambers meeting where the parties agreed to the use of the alternate juror. The trial judge issued an order, based upon his independent recollection, correcting the record to reflect both the substitution and the in-chambers meeting. The appellate court upheld the validity of this order, saying merely that Supreme Court Rule 329 authorized correction of the record to supply a material omission. The court was also influenced by the fact that the defendant did not dispute the accuracy of the circuit court's order.

The majority quotes language from *Hartgraves v. Don Cartage Co.*, 63 Ill. 2d 425, 348 N.E.2d 457 (1976), in support of its interpretation of Rule 329. In *Hartgraves*, a juror was injured and unable to attend trial. The record indicated that the trial was completed with 11 jurors despite defendant's clear demand for a verdict by a jury of 12. The record also disclosed that defendant moved for a mistrial in the trial court, alleging a violation of his constitutional right to trial by jury, and that the trial court denied defendant's motion. The trial judge, relying on his "clear memory," amended the record to include an off-the-record discussion in chambers where defense counsel suggested that the judge overrule his motion for a mistrial and agreed that the trial could proceed with 11 jurors. On review, the Supreme Court held that the trial judge acted improperly in amending the record. The court reasoned that:

> "Here there is no disagreement on whether the record accurately discloses what occurred in court. *Nothing that was stated at trial has been omitted or improperly transcribed.*" 63 Ill. 2d 425, 429, 348 N.E.2d 457, 459. (Emphasis added.)

My understanding of the *Hartgraves* decision is that *impeachment* of the record with evidence of an off-the-record, in-chambers discussion is not permitted under Rule 329. The State's contention in the instant case is that defendant's waiver of trial by jury in open court was inadvertently omitted from the record. Nothing in the record contradicts this assertion nor has defendant contested the accuracy of the bystander's report. *Hartgraves* is, therefore, distinguishable from the instant case, and does not require us to exclude the State's bystander's report from the record.

The failure of the record to include evidence of defendant's waiver of jury trial is a "material omission" which, under my reading of Rule 329, may properly be corrected through the use of a bystander's report. I would, therefore, grant the State's motion to add its bystander's report to the record.